FILED
JUL 1 3 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE COBIGE, as Son, Next Friend, and Special Representative of PATRICIA COBIGE, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CHICAGO, ILLINOIS, and UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS, <br><br> Defendants. | 06C3807 <br> JUDGE ST. EVE <br> MAGISTRATE JUDGE DENLOW |

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, MAURICE COBIGE, as Son, Next Friend, and Special Administrator of PATRICIA COBIGE, deceased, by and through his undersigned attorneys, JEFFREY GRANICH, JOSH FRIEDMAN, and DOUGLAS K. MORRISON, and complains of defendants, CITY OF CHICAGO, ILLINOIS and several UNKNOWN CHICAGO POLICE DEPARTMENT OFFICERS AND JAILERS, and states as follows.

### INTRODUCTION

1. This is a civil action for damages arising out of the death of plaintiff's decedent who was denied medical care while in the pretrial custody of Defendants, CITY OF CHICAGO and several UNKNOWN POLICE OFFICERS AND JAILERS of the Chicago Police Department.

2. For a period of approximately 40 hours, while in pretrial custody, the decedent repeatedly requested but was denied medical care for a serious illness from which she was suffering, and of which defendants police officers and jailers were aware and did nothing about, thus proximately causing decedent's death

3. The plaintiff seeks relief under federal and state laws, including 42 U.S.C. § 1983, and state law willful and wanton, wrongful death, survival, false arrest, false imprisonment, and intentional infliction of emotional distress claims.

## JURISDICTION

4. This complaint alleges violations of decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983; therefore jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331.

5. This complaint also alleges violations of decedent's rights under state law and jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

## PARTIES

6. At the time of her death, decedent PATRICIA COBIGE was a 46-year-old African-American female. At all times relevant hereto, PATRICIA COBIGE was a citizen of the United States and a resident of the City of Chicago, Illinois, which is located within this judicial district.

2

7. Plaintiff MAURICE COBIGE is the son of decedent PATRICIA COBIGE and brings this action on her behalf and on his behalf as the decedent's next-of-kin. At all times relevant hereto, MAURICE COBIGE was a citizen of the United States and a resident of the City of Chicago, Illinois, which is located within this judicial district.

8. Defendants, UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS, at all times relevant hereto, were employed by the Department of Police of the City of Chicago. At all times relevant hereto, said defendants were acting under color of law, and within the ordinary course and scope of their employment with the Defendant CITY OF CHICAGO.

9. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the defendants UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS.

## VENUE

10. The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. On or about late Friday night or early Saturday morning of June 9-10, 2006, decedent PATRICIA COBIGE was walking down the street near the corner of Lockwood and Madison Avenue in Chicago, Illinois.

12. At that time, decedent PATRICIA COBIGE was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

13. At or about that time, decedent PATRICIA COBIGE was followed by a group of defendant CHICAGO POLICE OFFICERS in a Chicago Police Department vehicle. Said officers pulled up to decedent, ordered her to stop, searched her, and then arrested her.

14. Said officers did not have a search warrant or an arrest warrant for PATRICIA COBIGE, nor did they have probable cause to stop, arrest or search her.

15. Said officers ultimately transported PATRICIA COBIGE to the Chicago Police Department's 25th District Police Station located at 5555 West Grand Avenue and placed her in the lock-up. On information and belief, PATRICIA COBIGE was charged with the criminal offense of possession of a controlled substance.

16. At or about the time that the defendant police officers placed PATRICIA COBIGE in the lock up, she was suffering from a serious illness which required medical attention. PATRICIA COBIGE requested that defendant police officers and jailers obtain medical treatment for her.

17. The serious illness that PATRICIA COBIGE was suffering from manifested itself with objective symptoms, and the defendant police officers and jailers observed and were aware of these symptoms.

18. Despite PATRICIA COBIGE's request for medical attention, none of the defendant police officers or jailers made any effort to obtain medical assistance for her during the more than 40 hours that she was in defendants' custody.

19. At or around 8:00 a.m., on Sunday June 11, 2006, one of the defendant police officers (who was responsible for transporting prisoners) advised PATRICIA COBIGE that she was scheduled to be transported to the Cook County Criminal Courthouse for a bond hearing in her case. Said officer further advised PATRICIA COBIGE, and a group of other pretrial detainees who were scheduled to be transported with her, that upon their arrival at the Cook County Criminal Courthouse, they would be asked if they needed medical attention, and that if they indicated they needed medical attention, he would be obligated to take them to a hospital for medical attention. He further advised them that if any of them did in fact request medical treatment, he would not take them for treatment, but would instead simply return them to the lockup at 25th District Police Station.

20. Prior to being transported, PATRICIA COBIGE requested the transporting officer to obtain medical treatment for the serious illness from which she was suffering. The aforementioned transporting officer observed the symptoms of PATRICIA COBIGE's serious illness. However, the transporting officer refused PATRICIA COBIGE's request that he obtain

      medical treatment for her. Instead, he transported her, and several of the other pretrial detainees, to the Cook County Criminal Courthouse.

21. Upon her arrival at the Cook County Criminal Courthouse, PATRICIA COBIGE was asked by a Cook County deputy sheriff whether she needed medical attention. PATRICIA COBIGE responded that she was in need of medical attention. The Cook County deputy sheriff advised the aforementioned defendant police officer who had transported PATRICIA COBIGE that she could not be accepted at the courthouse for her bond hearing and that she should be immediately taken for medical attention.

22. Despite this instruction from the Cook County deputy sheriff, the aforementioned transporting officer did not take PATRICIA COBIGE for medical attention. Instead, he transported her back to the 25th District Police Station where she was again placed in the lockup.

23. While transporting PATRICIA COBIGE back to the 25th District Police Station, the aforementioned defendant transporting police officer passed at least four hospitals which could have provided PATRICIA COBIGE with medical attention. The defendant officer refused to stop at any of the hospitals and instead drove her straight back to 25th District Police Station without attempting to obtain any medical treatment for PATRICIA COBIGE.

24. After being returned to the lockup, PATRICIA COBIGE was still seriously ill and exhibiting objective symptoms of her illness. Upon information and belief, PATRICIA COBIGE continued to request medical

attention from the defendant officers and jailers who observed her in the lockup. Although these defendant officers and jailers observed the symptoms of PATRICIA COBIGE's illness, none of them made any attempt to obtain medical assistance for her.

25. Approximately 12 hours after being returned to the lockup at 25th District Police Station, PATRICIA COBIGE died while in the lockup and in the custody of the Chicago Police Department.

26. PATRICIA COBIGE's death was a direct and proximate result of the defendant police officers' and jailers' deliberate, willful, and wanton refusal to obtain medical care for PATRICIA COBIGE.

## COUNT I

27. Plaintiff realleges paragraphs 1-26 as if fully repleaded herein.

28. On or about late Friday night or early Saturday morning of June 9-10, 2006, the defendant police officers, acting under color of law, searched and arrested PATRICIA COBIGE without a warrant and without probable cause and imprisoned her against her will and without probable cause to hold her.

29. While PATRICIA COBIGE was in the 25th District Police Station and while she was being transported to and from the Cook County Criminal Courthouse, she was seriously ill and exhibited objective signs of illness.

30. While PATRICIA COBIGE was in the 25th District Police Station and while she was being transported to and from the Cook County Criminal Courthouse, the defendant police officers and jailers, acting under color of

7

state law, observed the objective symptoms of her serious illness and knew that she needed medical care for her condition.

31. Despite being aware of PATRICIA COBIGE's serious illness and despite her repeated requests for medical attention, the defendant police officers and jailers failed and refused to attempt to obtain medical assistance for PATRICIA COBIGE. Furthermore, the defendant police officer who transported PATRICIA COBIGE to and from the Cook County Criminal Courthouse had ample opportunities to stop at a hospital in order to obtain medical treatment for her but he failed and refused to do so.

32. The failure of the defendant police officers and jailers to obtain medical treatment for PATRICIA COBIGE despite their awareness that she was seriously ill and despite her repeated requests for medical treatment exposed her to a substantial risk of serious harm and did in fact result in serious harm to her—namely extreme physical and mental suffering followed by death.

33. The failure of the defendant police officers and jailers to obtain medical treatment for PATRICIA COBIGE despite their awareness that she was seriously ill and despite her repeated requests for medical treatment constituted a deliberate indifference to her constitutionally protected right to due process guaranteed under the Fourth and Fourteenth Amendments to the U.S. Constitution.

34. As a direct and proximate cause of the defendant police officers' and jailers' deliberate indifference to PATRICIA COBIGE's constitutionally

8

protected rights. PATRICIA COBIGE died and also suffered from severe and extreme physical and emotional pain prior to her death.

WHEREFORE, plaintiff prays for judgment against defendants, UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS, jointly and severally, in an amount for compensatory damages in excess of $6,000,000 plus punitive damages, costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II

35. Plaintiff realleges paragraphs 1-26 as if fully repleaded herein.

36. At all times relevant hereto, the defendant POLICE OFFICERS and JAILERS were acting in the ordinary course and scope of their employment as employees of defendant CITY OF CHICAGO.

37. At all times relevant hereto, the defendant police officers and jailers owed decedent the duty to refrain from wanton and willful acts and omissions which could cause harm to decedent.

38. By failing to obtain medical treatment for decedent despite their knowledge that decedent was suffering from a serious illness, and despite her repeated requests for medical treatment, the defendant POLICE OFFICERS and JAILERS exhibited an utter indifference and conscious disregard for the health and safety of decedent PATRICIA COBIGE.

39. The utter indifference and conscious disregard for the health and safety of decedent PATRICIA COBIGE exhibited by the defendant POLICE OFFICERS and JAILERS proximately resulted in the above-described

severe physical and emotional harm and death of decedent PATRICIA COBIGE.

40. As a direct and proximate result of the aforesaid willful and wanton conduct by the defendants, the decedent's estate and the plaintiff (as son and next-of-kin of PATRICIA COBIGE) suffered severe financial loss and loss of support the otherwise would have been received as well as intangible and valuable losses suffered by plaintiff, including the guidance, companionship, love and affection that his mother would have otherwise provided had the willful and wanton acts of the defendants not caused her death.

WHEREFORE, plaintiff prays for judgment against the defendants, CITY OF CHICAGO, POLICE OFFICERS and JAILERS, jointly and severally, in an amount for compensatory damages in excess of $6,000,000, plus punitive damages (against the Individual Defendants only), costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III

41. Plaintiff realleges paragraphs 1-26 as if fully repleaded herein.

42. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 U.S.C. §1367.

43. The arrest of decedent PATRICIA COBIGE was made without a warrant and without probable cause.

44. This arrest was made unreasonably and unjustifiably. The Defendant police officers' actions in seizing decedent was done maliciously, willfully

and wantonly, intentionally, and with disregard to her innocence and rights, which constituted a false arrest in violation of the laws of the State of Illinois.

45. As a direct and proximate result of this false arrest, PATRICIA COBIGE suffered severe physical and emotional injuries prior to her death while in custody due to such false arrest.

WHEREFORE, plaintiff prays for judgment against defendants, UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS, jointly and severally, in an amount for compensatory damages in excess of $100,000 plus punitive damages, costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV

46. Plaintiff realleges paragraphs 1-26 as if fully repleaded herein.

47. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 U.S.C. §1367.

48. The defendant police officers' detention of decedent PATRICIA COBIGE beginning on or about June 9 through June 11, 2006, was made without a warrant and without probable cause to believe the plaintiff had committed a crime.

49. The defendants' actions in detaining decedent were done maliciously, willfully and wantonly, intentionally, and with disregard to the plaintiff's innocence and rights which constituted a false imprisonment in violation of the laws of the State of Illinois.

50. As a direct and proximate result of this false imprisonment, PATRICIA COBIGE suffered severe physical and emotional injuries prior to her death while suffering from such false imprisonment.

WHEREFORE, plaintiff prays for judgment against defendants UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS, jointly and severally, in an amount for compensatory damages in excess of $100,000 plus punitive damages, costs, attorney's fees, and such other relief as is just and equitable.

## COUNT V

51. Plaintiff realleges paragraphs 1-26 as if fully repleaded herein.

52. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.

53. By failing to obtain medical care for the decedent despite their knowledge of her serious illness and her repeated requests for medical care, the defendant police officers and jailers maliciously, wantonly and willfully, intentionally, and without legal cause to do so caused the decedent to suffer severe emotional distress before her death.

54. In causing the decedent severe emotional distress, the defendant police officers and jailers were acting as employees of Defendant City of Chicago and within the scope of their employment.

55. The emotional distress sustained by decedent PATRICIA COBIGE was severe and beyond that which an ordinary person could be expected to endure.

56. As a direct and proximate result of the defendant police officers' and jailers' outrageous conduct, PATRICIA COBIGE suffered severe emotional distress prior to her death.

WHEREFORE, plaintiff prays for judgment against defendants UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS, jointly and severally, in an amount for compensatory damages in excess of $1,000,000 plus punitive damages, costs, attorney's fees, and such other relief as is just and equitable.

## COUNT VI

57. Plaintiff realleges paragraphs 1-26 as if fully repleaded herein.

58. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 U.S.C. §1367.

59. Decedent PATRICIA COBIGE at all times relevant hereto exercised due care for her own safety and well being by requesting medical treatment for her illness.

60. At all times relevant hereto, the defendant police officers and jailers owed decedent the duty to refrain from wanton and willful acts and omissions which could cause harm to decedent.

61. Defendants breached their duty to decedent by willfully and wantonly refusing to obtain medical care for her despite the fact that she repeatedly requested medical care, that they were aware of her serious illness, and that they had numerous opportunities to obtain medical care for her before she died.

62. As a direct and proximate result of the foregoing willful and wanton acts and omissions, the decedent died on June 11, 2006.

63. The decedent is survived by her sole heir, plaintiff Maurice Cobige.

64. By reason of the death of decedent, plaintiff has been deprived of support, comfort, love, affection, protection and society of the decedent.

WHEREFORE, plaintiff prays for judgment against defendants, UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS, jointly and severally, in an amount for compensatory damages in excess of $6,000,000 plus punitive damages, costs, attorney's fees, and such other relief as is just and equitable.

## COUNT VII

65. Plaintiff realleges paragraphs 1-26 as if fully repleaded herein.

66. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 U.S.C. §1367.

67. During her wrongful arrest and while she was in custody as aforesaid, Decedent survived and was conscious for a period of approximately 40 hours before her death, and she suffered great pain and agony during that period as a direct and proximate result of defendants' willful and wanton refusal to obtain medical care for her.

WHEREFORE, plaintiff prays for judgment against defendants, UNKNOWN CHICAGO POLICE OFFICERS AND JAILERS, jointly and severally, in an amount for compensatory damages in excess of $1,000,000 plus punitive damages, costs, attorney's fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

MAURICE COBIGE,

By _____
One of his attorneys

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
120 South State St.
Suite 200
Chicago, IL 60603
(312) 727-0999
A.R.D.C. No. 6220313