**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAURICE COBIGE, as Son, Next Friend, )
and Special Representative of the estate of )
PATRICIA COBIGE, Deceased, )
                                  )     No. 06 CV 3807
                  Plaintiff, )
                                    )     Judge ST. EVE
    vs.                              )
                                    )     Magistrate Judge DENLOW
                                    )
CITY OF CHICAGO, a municipal )
Corporation, CHICAGO POLICE )
OFFICERS RENE DIMILANTA, PIOTR )
CZARNIECKI, NICOLE HENRY, )
DWAYNE COLLIER, LEAH TOBECK, )
JACALYN DOYLE, GERALD GANEY, )
JULIA LAWLER, THOMAS MOTZNY, )
CONNIE HARTFORD, CANDACE )
MILOVICH, KAREN JOHNSON, ANNE )
BELLUOMINI, ELAINE VABKOS, OLIVE )
DICKEY, THOMAS CLARK, JOHN )
MURPHY, CHICAGO POLICE )
DEPARTMENT CIVILIAN DETENTION )
AIDES ALICIA VELEZ, PRISCILLA )
JONES, and MARIA DIAZ, )
                                    )
                  Defendants. )

## SECOND AMENDED COMPLAINT

Now comes Plaintiff, MAURICE COBIGE, as Son, Next Friend, and Special Administrator of the estate of PATRICIA COBIGE, deceased, by and through one of his attorneys, Josh M. Friedman, and complains of defendants, CITY OF CHICAGO ("Defendant City"), CHICAGO POLICE OFFICERS RENE DIMILANTA, PIOTR CZARNIECKI, NICOLE HENRY, DWAYNE COLLIER, LEAH TOBECK, JACALYN DOYLE, GERALD GANEY, JULIA LAWLER, THOMAS MOTZNY, CONNIE HARTFORD, CANDACE MILOVICH, KAREN JOHNSON, ANNE BELLUOMINI, ELAINE VABKOS, OLIVE DICKEY, THOMAS CLARK, and JOHN MURPHY ("Defendant Officers") CHICAGO POLICE DEPARTMENT CIVILIAN DETENTION

AIDES ALICIA VELEZ, PRISCILLA JONES and MARIA DIAZ ("Defendant Aides"), as follows:

## INTRODUCTION

1. This is a civil action for damages arising out of the death of Plaintiff's decedent who was falsely arrested and then died while in the custody of the Chicago Police Department.

2. For a period of approximately 40 hours, while in pretrial custody, the decedent was denied medical care for a serious illness from which she was suffering, and of which defendants were aware, but did nothing about, thus proximately causing decedent's death.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

4. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

5. Venue is proper under 28 U.S.C. § 1391(b) since the events giving rise to the claims asserted in this complaint occurred within this judicial district.

## PARTIES

6. At the time of her death, decedent PATRICIA COBIGE was a 46-year-old African-American female. At all times relevant hereto, PATRICIA COBIGE was a citizen of the United States and a resident of the City of Chicago, Illinois.

7. Plaintiff MAURICE COBIGE is the son of decedent PATRICIA COBIGE and brings this action on her behalf and on his own behalf as the decedent's next-of-kin. At all times relevant hereto, MAURICE COBIGE was a citizen of the United States and a resident of the City of Chicago, Illinois.

8.     At all relevant times, Defendant CHICAGO POLICE OFFICER RENE DIMILANTA (Star No. 7911), was acting under color of state law and within the scope of his employment with Defendant CITY.

9.     At all relevant times, Defendant CHICAGO POLICE OFFICER PIOTR CZARNIECKI (Star No. 16498), was acting under color of state law and within the scope of his employment with Defendant CITY.

10.    At all relevant times, Defendant CHICAGO POLICE OFFICER NICOLE HENRY (Star No. 14892), was acting under color of state law and within the scope of her employment with Defendant CITY.

11.    At all relevant times, Defendant CHICAGO POLICE OFFICER DWAYNE COLLIER (Star No. 18240), was acting under color of state law and within the scope of his employment with Defendant CITY.

12.    At all relevant times, Defendant CHICAGO POLICE OFFICER LEAH TOBECK (Star No. 3519), was acting under color of state law and within the scope of her employment with Defendant CITY.

13.    At all relevant times, Defendant CHICAGO POLICE OFFICER JACALYN DOYLE (Star No. 1018), was acting under color of state law and within the scope of her employment with Defendant CITY.

14.    At all relevant times, Defendant CHICAGO POLICE OFFICER GERALD GANEY (Star No. 455), was acting under color of state law and within the ordinary course and scope of his employment with Defendant CITY.

15.    At all relevant times, Defendant CHICAGO POLICE OFFICER JULIA LAWLER (Star No. 4330), was acting under color of state law and within the scope of her employment with Defendant CITY.

16.    At all relevant times, Defendant CHICAGO POLICE OFFICER THOMAS MOTZNY (Star No. 1971), was acting under color of state law and within the scope of  his employment with Defendant CITY.

17.    At all relevant times, Defendant CHICAGO POLICE OFFICER CONNIE HARTFORD (Star No. 19121), was acting under color of state law and within the scope of her employment with Defendant CITY.

18.     At all relevant times, Defendant CHICAGO POLICE OFFICER
CANDACE MILOVICH (Star No. 18717), was acting under color of state
law and within the scope of her employment with Defendant CITY.

19.     At all relevant times, Defendant CHICAGO POLICE OFFICER KAREN
JOHNSON (Star No. 17327), was acting under color of state law and
within the scope of her employment with Defendant CITY.

20.     At all relevant times, Defendant CHICAGO POLICE OFFICER ANNE
BELLUOMINI (Star No. 10296), was acting under color of state law and
within the scope of her employment with Defendant CITY.

21.     At all relevant times, Defendant CHICAGO POLICE OFFICER ELAINE
VABKOS (Star No. 11498), was acting under color of state law and
within the scope of her employment with Defendant CITY.

22.     At all relevant times, Defendant CHICAGO POLICE OFFICER OLIVE
DICKEY (Star No. 1297), was acting under color of state law and within
the scope of her employment with Defendant CITY.

23.     At all relevant times, Defendant CHICAGO POLICE OFFICER
THOMAS CLARK (Star No. 290), was acting under color of state law and
within the scope of his employment with Defendant CITY.

24.     At all relevant times, Defendant CHICAGO POLICE OFFICER JOHN
MURPHY (Star No. 164), was acting under color of state law and within
the scope of his employment with Defendant CITY.

25.     At all relevant times, Defendant CIVILIAN DETENTION AIDE  ALICIA
VELEZ (Employee No. 016879), was acting under color of state law and
within the scope of her employment with Defendant CITY.

26.     At all relevant times, Defendant CIVILIAN DETENTION AIDE
PRISCILLA JONES (Employee No. 91987), was acting under color of
state law and within the scope of her employment with Defendant CITY.

27.     At all relevant times, Defendant CIVILIAN DETENTION AIDE MARIA
DIAZ (Employee No. 048020), was acting under color of state law and
within the scope of her employment with Defendant CITY.

28.    Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the named and unknown defendants.

## FACTUAL ALLEGATIONS

29.    On or about Saturday morning, June 10, 2006, decedent PATRICIA COBIGE was walking on the sidewalk near the 5300 block of West Madison Avenue in Chicago, Illinois.

30.    At or about 10:00 a.m. that morning, decedent PATRICIA COBIGE was approached by Defendant Officer COLLIER in a Chicago Police Department vehicle.

31.    Defendant Officer COLLIER ordered decedent PATRICIA COBIGE to stop, searched her, and then arrested her.

32.    Shortly thereafter, Defendant Officer HENRY arrived on the scene, searched decedent PATRICIA COBIGE and assisted in her arrest.

33.    Defendant Officers COLLIER and HENRY did not have a search warrant or an arrest warrant for decedent PATRICIA COBIGE, nor did they have probable cause or reasonable suspicion, to stop, arrest or search her.

34.    After first taking her to the 15th District police station, Defendant Officers COLLIER and HENRY transported decedent PATRICIA COBIGE to the Chicago Police Department's 25th District Police Station located at 5555 West Grand Avenue and placed her in the lock-up facility located there.

35.    At or about the time that Defendant Officers COLLIER and HENRY placed decedent PATRICIA COBIGE in the lock up, decedent PATRICIA COBIGE was experiencing symptoms of a serious illness which required immediate medical attention.

36.    The serious illness that PATRICIA COBIGE was suffering from manifested itself with objective symptoms, and DEFENDANT

OFFICERS and DEFENDANT AIDES observed and were aware of these symptoms.

37.    During the approximately 40 hours decedent PATRICIA COBIGE remained in the custody of the Chicago Police Department, she both exhibited obvious symptoms of a serious medical need as well as directed several requests for medical treatment to DEFENDANT OFFICERS and DEFENDANT AIDES.   Nevertheless, DEFENDANT OFFICERS and DEFENDANT AIDES deliberately ignored her obvious symptoms as well as her pleas for help.

38.    At or around 9:00 a.m., on Sunday June 11, 2006, Defendant Officers DIMILANTA and CZARNIECKI transported decedent PATRICIA COBIGE and other female detainees to the Cook County Criminal Courthouse for bond hearings on their criminal cases.

39.    Prior to transport, Defendant Officer DIMILANTA advised PATRICIA COBIGE, and the rest of the pretrial detainees who were scheduled to be transported with her, that if any of them requested medical treatment during their intake at the courthouse, he would not take them to the hospital, but instead would simply return them to the lock up at 25th District Police Station.

40.    Prior to transport, decedent PATRICIA COBIGE exhibited objective symptoms of a serious medical need, and had also repeatedly requested medical attention.

41.    Nevertheless, Defendant Officers DIMILANTA and CZARNIECKI exhibiting deliberate indifference towards the health and safety of decedent PATRICIA COBIGE, transported her and several other pretrial detainees, in a Chicago Police Department squadroll, to the Cook County Criminal Courthouse.

42.    Shortly after her arrival at the Cook County Criminal Courthouse, a Cook County Deputy Sheriff noticed decedent PATRICIA COBIGE's objective symptoms and asked her whether she needed medical attention.

43.    Outside the hearing of Defendant Officers DIMILANTA and CZARNIECKI, decedent PATRICIA COBIGE responded that she did need medical attention.

44.    The Cook County Deputy Sheriff advised either Defendant DIMILANTA or CZARNIECKI, in summary, that decedent PATRICIA COBIGE had requested medical attention and that she could not be accepted at the courthouse for her bond hearing until she received medical treatment.

45.    Despite this clear information, Defendant Officers DIMILANTA and CZARNIECKI did not take PATRICIA COBIGE for medical attention. Instead, as they had threatened, they transported her back to the 25th District Police Station, where she was again placed in the lock up.

46.    While transporting PATRICIA COBIGE back to the 25th District Police Station, Defendant Officers DIMILANTA and CZARNIECKI passed several hospitals which could have provided PATRICIA COBIGE with medical attention.

47.    Upon her return to the 25th District lockup, decedent PATRICIA COBIGE, who was gravely ill, again asked Defendant Officer LAWLER and Defendant Aide DIAZ for medical treatment.  Instead, they returned her to a cell in the lock up.

48.    PATRICIA COBIGE'S request for medical attention at Cook County jail as well as her request upon her return to the lock up were both relayed to Defendant Officer MOTZNY, a supervising officer in the 25th District. Still, decedent was not taken to the hospital for medical treatment.

49.    In the ensuing 12 hours after her return to the lock up after her trip to bond court, decedent PATRICIA COBIGE was grievously ill, experiencing obvious symptoms, and obviously in serious need of medical attention. DEFEENDANTS nevertheless, deliberately ignored her obvious serious medical need as well as her pleas for help.

50.    During this 12 hours, as well as during the 24 hours prior, decedent PATRICIA COBIGE experienced great pain and suffering as a result of

being falsely arrested and then being denied medical care for a serious, and ultimately, fatal illness.

51.     Approximately 12 hours after being returned to the lockup at 25th District Police Station, PATRICIA COBIGE died on the floor in a cell of the lock up.

52.     PATRICIA COBIGE's death was a direct and proximate result of the defendants' deliberate, willful, and wanton indifference to her serious medical need for treatment.

**COUNT I**
**§ 1983 DUE PROCESS CLAIM**

53.     PLAINTIFF re-alleges paragraphs 1-52 as if fully re-pleaded here.

54.     By failing to obtain medical treatment for decedent despite their knowledge that decedent PATRICIA COBIGE was suffering from a serious illness, and despite her requests for medical treatment, DEFENDANTS were deliberately indifferent to her health and safety.

55.     Defendants' deliberate indifference to the health and safety of decedent PATRICIA COBIGE proximately resulted in severe physical and emotional harm to, and the ultimate death of, decedent PATRICIA COBIGE.

56.     The misconduct described in this count constitutes a violation of the Due Process clause of the Fourteenth Amendment.

57.     As a direct and proximate result of DEFENDANTS' acts or omissions, decedent and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his mother would have otherwise provided, had the acts of DEFENDANTS not caused her death.

WHEREFORE, PLAINTIFF prays for judgment against all DEFENDANTS, jointly and severally, in an amount reasonable to compensate PLAINTIFF, plus punitive

damages against DEFENDANT OFFICERS and DEFENDANT AIDES, in addition to costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
## §1983 FALSE ARREST/UNLAWFUL SEARCH
## AGAINST DEFENDANTS COLLIER & HENRY

58.     PLAINTIFF re-alleges paragraphs 1-52 as if fully re-pleaded here.

59.     As more fully alleged above, Defendant Officers COLLIER and HENRY, detained, searched and arrested PATRICIA COBIGE against her will and without a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal activity.

60.     The unlawful search and seizure of decedent PATRICIA COBIGE was in violation of the Fourth Amendment.

61.     As a direct and proximate result of Defendant Officers COLLIER and HENRY's misconduct described above, decedent PATRICIA COBIGE was detained and imprisoned against her will, and thus, unable to seek medical treatment herself for a serious illness from which she was suffering.

62.     As a direct and proximate result of her false arrest and imprisonment by Defendant Officers COLLIER and HENRY, therefore, decedent PATRICIA COBIGE ultimately died from her inability to obtain medical treatment.

63.     As a direct and proximate result of DEFENDANTS' acts or omissions, decedent and PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his mother would have otherwise provided, had the acts of DEFENDANTS not caused her death.

WHEREFORE, PLAINTIFF prays for judgment against Defendant CITY and Defendant Officers COLLIER and HENRY, jointly and severally, in an amount

reasonable to compensate PLAINTIFF, plus punitive damages against Defendant Officers COLLIER and HENRY, in addition to costs, attorney's fees, and such other relief as is just and equitable**.**

## COUNT III
## § 1983 CONSPIRACY CLAIM

64.     PLAINTIFF re-alleges paragraphs 1-52 as if fully re-pleaded here.

65.     DEFENDANT OFFICERS and DEFENDANT AIDES either expressly or impliedly agreed to conspire to violate decedent PATRICIA COBIGE's constitutional rights as protected by the Fourth and Fourteenth Amendments and as more fully alleged above.

66.     Specifically, DEFENDANT OFFICERS and DEFENDANT AIDES conspired to deny decedent PATRICIA COBIGE'S medical care.

67.     Thereafter, on information and belief, DEFENDANT OFFIC ERS and DEFENDANT AIDES conspired to cover up the fact that they had been aware of decedent PATRICIA COBIGE'S serious medical needs as well as her requests for medical attention.

68.     On information and belief, Defendant Officers COLLIER and HENRY conspired to cover up the fact that there was no probable cause for decedent PATRICIA COBIGE'S arrest in the first place.

69.     As a direct and proximate result of DEFENDANTS' acts or omissions, the decedent's estate and PLAINTIFF (as son and next-of-kin of PATRICIA COBIGE) suffered the severe physical, emotional and financial damages, including the loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his mother would have otherwise provided, had the acts of DEFENDANTS not caused her death.

WHEREFORE, Plaintiff prays for judgment against all DEFENDANTS, jointly and severally, in an amount reasonable to compensate PLAINTIFF, plus punitive

damages against DEFENDANT OFFICERS and DEFENDANT AIDES, in addition to costs, attorney's fees, and such other relief as is just and equitable**.**

## COUNT IV
### § 1983 POLICY CLAIM AGAINST DEFENDANT CITY

70. PLAINTIFF re-alleges paragraphs 1-52 as if fully re-pleaded here.

71. The misconduct described in the preceding three counts of this complaint was undertaken pursuant to the policy and practice of Defendant CITY in that:

  a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

  b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting decedent;

  c. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department violate the constitutional rights of citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d. Municipal policy-makers are aware of, condone and facilitate by their inaction, a practice by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

  e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding three counts, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years' old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career; and

  g. As a matter of express policy, the City of Chicago does not consider patterns of civil rights allegations when evaluating the merits of any particular complaint.

72.     As a direct and proximate result of Defendant CITY's unconstitutional policy or practice, PLAINTIFF suffered severe physical, emotional and financial damages, including a loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his mother would have otherwise provided, had the acts of DEFENDANTS not caused her death.

WHEREFORE, PLAINTIFF prays for judgment against Defendant CITY in an amount reasonable to compensate PLAINTIFF, in addition to costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
## STATE LAW CLAIM
## FALSE IMPRISONMENT AGAINST DEFENDANTS COLLIER & HENRY

73.     Plaintiff re-alleges paragraphs 1-52 as if fully re-pleaded here.

74.     As more fully alleged above, Defendant Officers COLLIER and HENRY, willfully and wantonly detained, searched and arrested PATRICIA COBIGE against her will and without a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal activity.

75.     Defendant Officers COLLIER and HENRY's unlawful seizure of decedent constitutes false imprisonment in violation of the laws of the State of Illinois.

76.     As a direct and proximate result of Defendant Officers COLLIER and HENRY's acts or omissions, the decedent's estate and PLAINTIFF (as son and next-of-kin of PATRICIA COBIGE) suffered the severe physical, emotional and financial damages, including the loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his mother would have otherwise provided, had the acts of DEFENDANTS not caused her death.

77.   Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

78.   At all relevant times, Defendant Officers COLLIER and HENRY were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment.   Defendant CITY, therefore, is liable as principal for all torts committed by its agents, DEFENDANT OFFICERS and DEFENDANT AIDES.

WHEREFORE, PLAINTIFF prays for judgment against Defendant CITY and Defendant Officers COLLIER and HENRY, jointly and severally, in an amount reasonable to compensate PLAINTIFF, in addition to costs, attorney's fees, and such other relief as is just and equitable.

## COUNT V
## STATE LAW CLAIM
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

79.   Plaintiff re-alleges paragraphs 1-52 as if fully re-pleaded here.

80.   By falsely arresting, imprisoning decedent PATRICIA COBIGE and then denying her medical care for a grave illness, DEFENDANT OFFICERS and DEFENDANT AIDES wantonly and willfully caused decedent PATRICIA COBIGE to suffer severe emotional distress before her death.

81.   DEFENDANT OFFICERS and DEFENDANT AIDES knew or should have known that their their acts or omissions would cause decedent PATRICIA COBIGE to suffer severe emotional distress, and in fact, their willful and wanton misconduct, did cause her to suffer severe emotional distress until she died.

82.   As a direct and proximate result of DEFENDANT OFFICERS' and DEFENDANT AIDES' acts or omissions, the decedent's estate and PLAINTIFF (as son and next-of-kin of PATRICIA COBIGE) suffered the severe physical, emotional and financial damages, including the loss of

support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his mother would have otherwise provided, had the acts of DEFENDANTS not caused her death.

83.   Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

84.   At all relevant times, DEFENDANT OFFICERS and DEFENDANT AIDES were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, DEFENDANT OFFICERS and DEFENDANT AIDES.

WHEREFORE, PLAINTIFF, on behalf of his mother's estate, prays for judgment against all DEFENDANTS, jointly and severally, in an amount reasonable to compensate PLAINTIFF, in addition to costs, attorney's fees, and such other relief as is just and equitable**.**

## COUNT VI
## ILLINOIS WRONGFUL DEATH ACT CLAIM

85.   PLAINTIFF re-alleges paragraphs 1-52 as if fully re-pleaded here.

86.   Decedent PATRICIA COBIGE at all relevant times exercised due care for her own safety and well being by requesting medical treatment for her illness.

87.   At all relevant times, DEFENDANT OFFICERS and DEFENDANT AIDES owed decedent PATRICIA COBIGE a duty to refrain from wanton and willful acts and omissions which could cause her harm.

88.   DEFENDANT OFFICERS and DEFENDANT AIDES breached their duty to decedent PATRICIA COBIGE by by willfully and wantonly refusing to obtain medical care for her despite the facts that they were

aware of her serious illness, she requested medical attention, and that they had numerous opportunities to obtain medical care for her before she died.

89.     DEFENDANTS' acts and/or omissions, as more fully alleged above, constitute utter indifference or conscious disregard for the health and safety of decedent PATRICIA COBIGE.

90.     As a direct and proximate result of the willful and wanton acts and/or omissions, the decedent, PATRICIA COBIGE died on or about the early morning hours of June 12, 2006.

91.     Decedent PATRICIA COBIGE, is survived by her sole heir, PLAINTIFF, Maurice Cobige.

92.     By reason of the death of decedent, PLAINTIFF has suffered pecuniary damages, including the loss of support, comfort, love, affection, protection and society of the decedent.

93.     Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

94.     At all relevant times, DEFENDANT OFFICERS and DEFENDANT AIDES were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, DEFENDANT OFFICERS and DEFENDANT AIDES.

WHEREFORE, PLAINTIFF prays for judgment against all DEFENDANTS, jointly and severally, in an amount reasonable to compensate PLAINTIFF, in addition to costs, attorney's fees, and such other relief as is just and equitable**.**

## COUNT VII
## ILLINOIS SURVIVAL ACT CLAIM UNDER755 ILCS 5/27-6

95.     PLAINTIFF re-alleges paragraphs 1-52 as if fully re-pleaded here.

96.     As more fully alleged in the preceding counts, after being arrested falsely, decedent PATRICIA COBIGE survived and was conscious for a period of

approximately 40 hours before her death.  On information and belief, during this time period while she was in DEFENDANTS' custody, she suffered damages due to the willful misconduct of DEFENDANTS including great pain and agony as a direct and proximate result of defendants' willful and wanton misconduct.

97.   DEFENDANTS' acts and/or omissions, as more fully alleged above, constitute utter indifference or conscious disregard for the health and safety of decedent PATRICIA COBIGE.

98.   As a direct and proximate result of DEFENDANT OFFICERS' and DEFENDANT AIDES' acts or omissions, the decedent's estate and PLAINTIFF (as son and next-of-kin of PATRICIA COBIGE) suffered severe physical, emotional and financial damages, including the loss of support, as well as intangible and valuable losses suffered by PLAINTIFF, including the guidance, companionship, love and affection that his mother would have otherwise provided, had the acts of DEFENDANTS not caused her death.

99.   Decedent, PATRICIA COBIGE is survived by her son and the special representative of her estate, MAURICE COBIGE, who maintains the statutory and common law causes of actions alleged in this complaint which accrued prior to his mother's death.

100.   Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

101.   At all relevant times, DEFENDANT OFFICERS and DEFENDANT AIDES were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, DEFENDANT OFFICERS and DEFENDANT AIDES.

WHEREFORE, PLAINTIFF, prays for judgment against all DEFENDANTS, jointly and severally, in amount reasonable to compensate PLAINTIFF for

DEFENDANTS' willful misconduct, in addition to costs, attorney's fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**


MAURICE COBIGE,


By:      /s/Josh M. Friedman
         JOSH M. FRIEDMAN
         Attorney for PLAINTIFF


JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
120 South State St.
Suite 200
Chicago, IL 60603
(312) 727-0999
No. 6220313

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
No. 6207030