## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE COBIGE, as Son, Next Friend, and Special Representative of the estate of PATRICIA COBIGE, Deceased, | ) ) ) | **No.   06 C 3807** |
| | ) | |
| Plaintiff, | ) ) | JUDGE ST. EVE |
| v. | ) ) | |
| | ) | Magistrate Judge Denlow |
| CITY OF CHICAGO, a Municipal Corporation, CHICAGO POLICE OFFICERS RENE DIMILANTA, PIOTR, CZARNIECKI, NICOLE HENRY, DWAYNE COLLIER, LEAH TOBECK, JACALYN DOYLE, GERALD GANEY, JULIA LAWLER, THOMAS MOTZNY, CONNIE HARTFORD, CANDACE MILOVICH, KAREN JOHNSON, ANNE BELLUOMINI, ELAINE VABKOS, OLIVE DICKEY, THOMAS CLARK, JOHN MURPHY, CHICAGO POLICE DEPARTMENT CIVILIAN DETENTION AIDES ALICIA VALEZ, PRISCILLA JONES, and MARIA DIAZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CITY OF CHICAGO'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant City of Chicago, "(City")" by Mara S. Georges, Corporation Counsel

for the City of Chicago, submits the following memorandum in support of its Motion for

Summary Judgment as to Count I, Plaintiff's § 1983 Due Process Claim, and Count IV,

Plaintiff's § 1983 Policy Claim, as asserted in his Second Amended Complaint:

### STATEMENT OF THE CASE

On July 13, 2006, Plaintiff, Maurice Cobige, the only son of Patricia Cobige, filed

a Complaint in the Federal Court of the Northern District of Illinois against the City of

Chicago and unknown Chicago Police Officers and Jailers for claims arising from the death of Patricia Cobige on June 12, 2006 while in the Chicago Police department municipal jail located at 5555 W. Grand Ave., Chicago, IL.  Plaintiff later amended his complaint on April 30, 2007, to add numerous Chicago Police Officers and Detention Aides as defendants in their individual capacity, for both Federal claims under § 1983 and Illinois state law claims.

Specifically, Plaintiff's Second Amended Complaint asserts seven Federal and state claims against the individual officers and the City.  These seven federal claims include:  a § 1983 Due Process Claim for failure to provide medical care against all defendants (Count I), a § 1983 Claim for False Arrest and Unlawful Search against Officers Collier and Henry (Count II), a § 1983 Claim against the defendant officers and defendant detention aides for conspiracy (Count III), and a § 1983 Policy Claim against Defendant City (Count IV).  Under Illinois state law, Plaintiff has brought claims for false imprisonment against defendant Officers Collier and Henry (Count IV)[1], intentional infliction of emotional distress against the defendant officers and the defendant detention aides (Count V), a claim under the Illinois Wrongful Death Act against the defendant officers and defendant detention aides (Count VI), and a claim under the Illinois Survival Act, 755 ILCS 5/27-6.  Defendant City of Chicago now moves for judgment in its favor with regard to plaintiff's §1983 Policy claim and § 1983 Due Process claim for denial of medical care against the City.

## STATEMENT OF FACTS

The statement of facts is found in the City's Local Rule 56.1(a)(3) Statement of Uncontested Facts, ("City's 56.1"), filed separately.

---

1 Plaintiff's Second Amended Complaint contains two claims labeled as Count IV: the § 1983 Policy Claim against the City and the state law claim of false imprisonment against Defendants Collier and Henry. For the purposes of this motion, the City is referring to the § 1983 Policy claim when it refers to Count IV.

## STANDARD OF REVIEW

According to the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of showing the absence of genuine issue as to any material fact, and such evidence in the record must be viewed in a light most favorable to opposing party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1980). However, the court is not required to draw every conceivable inference from the record; the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

After the defendant has made a motion for summary judgment, the nonmoving party has the burden to present affirmative evidence showing a genuine issue regarding a material fact. Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill., 424 F.3d 659, 669 (7th Cir. 2005) (quoting Anderson, 477 U.S. at 257). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Scott v. Harris, 127 S.Ct. 1769, 1776 (2007). An issue of material fact is "genuine" if disputes over such facts might affect the outcome of the suit under the governing law in favor of the nonmoving party. Anderson, 477 U.S. at 248. Genuine issue for trial exists only when evidence is such that reasonable jury could return a verdict for nonmoving party. Contreras v. City of Chicago, 920 F.Supp. 1370, 1386 (N.D. Ill. 1996).

**ARGUMENT**

The City is entitled to summary judgment on the § 1983 Policy claim against it in

Count IV of Plaintiff's Second Amended Complaint, since it is clear, based on the

evidence in the record, Plaintiff has failed to meet any of the multiple and stringent

requirements of <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658 (1978),

and its progeny.   Because Plaintiff cannot establish a genuine issue of material fact as to

these requirements, he cannot survive summary judgment as to Count IV.   In addition,

since § 1983 does not impose respondeat superior liability upon a municipality , the City

can not be liable under Plaintiff's Due Process, Failure to Provide Medical Care, as pled

in Count I.  <u>Id.</u>  Thus, the City is entitled to summary judgment on that claim also.

I.      SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S §
        1983 POLICY CLAIM SINCE PLAINTIFF HAS FAILED TO MET THE
        REQUIREMENTS TO PROVE A *MONELL* CLAIM

In order for Plaintiff to survive a motion for summary judgment on a <u>Monell</u>

claim, Plaintiff must first establish that he suffered a constitutional injury.  <u>See</u>

<u>Thompson v. Boggs</u>, 33 F.3d 847, 859 (7th Cir. 1994)[2].  Assuming a constitutional injury

can be established, Plaintiff next must establish that the constitutional deprivation was

pursuant to an official policy, practice, or custom of the municipality.  <u>See</u> <u>Pembaur v.</u>

<u>Cincinnati</u>, 475 U.S. 469, 479-80 (1986).  Then, Plaintiff must establish the requisite

---

2 For the purposes of this motion only, the City assumes as true the Plaintiff's allegations
regarding the Defendant Police Officers and Detention Aides' conduct.  The Defendant
Officers and Detention Aides have moved separately for summary judgment on the some
of the claims against them.  If Plaintiff does not prove that the Defendant Officers or the
Defendant Detention Aides caused him to suffer a constitutional injury, he cannot
succeed against the City on his <u>Monell</u> claim.  <u>See Los Angeles v. Heller</u>, 475 U.S. 796,
799 (1986) ("if [plaintiffs] are unsuccessful in their claims against the individual
defendants, they will no longer have a cause of action against the city.").  If this Court
grants summary judgment to the Defendant Officers and/or Detention Aides on the
federal claims against them, as a matter of law the City is entitled to summary judgment
on Plaintiff's <u>Monell</u> claim.

degree of culpability on the City's part - namely, that the alleged municipal practices were carried out with "deliberate indifference" to their known or obvious consequences. City of Canton v. Harris, 489 U.S. 378, 388 (1989); Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 400 (1997) (hereafter "Bryan County"). Finally, the plaintiff must demonstrate a direct causal link between the municipal policy and the constitutional injury. Canton, 489 U.S. at 385; Bryan County, 520 U.S. at 404. In the instant case, Plaintiff presents no evidence as to any of these elements, instead asserting that his claim is based on his "belief" formed by his interpretations of Chicago Police department policies and depositions of fact witnesses for this case. In sum, Plaintiff's beliefs do not create a genuine issue of material fact that the City's policies caused any constitutional deprivation to plaintiff.

### A. Prerequisites of Municipal Liability under § 1983

As summarized above, Plaintiff must satisfy multiple, stringent standards to establish municipal liability under § 1983. Assuming Plaintiff's allegations regarding the Defendant Officers are true, and a constitutional injury occurred, Plaintiff must then show that the injury was caused by a deliberate action attributable to the municipality. Bryan County, 520 U.S. at 400, 403 ("a municipality may not be held liable under 1983 solely because it employs a tortfeasor.").

A plaintiff seeking to hold a municipality liable under section 1983 must show that his alleged constitutional injury is "attributable to the municipality itself" in one of three ways. First, he may prove that "an express policy . . . when enforced, cause[d] a constitutional deprivation." McTigue v. City of Chicago, 60 F. 3d 381, 382 (7th Cir. 1995). Second, he may prove that his constitutional injury was caused by "a widespread

practice that, although not authorized by written law or express municipal policy, [was] so permanent and well settled as to constitute a custom or usage with the force of law." Id. Finally, he may prove that his constitutional injury was caused by "the act of a person with final policymaking authority." Id. Regardless of the plaintiff's specific theory of municipal liability, the burden is on the plaintiff to demonstrate the essential policy or custom. See Smith v. Chicago School Reform Board of Trustees, 165 F.3d 1142, 1149 (7th Cir. 1999) (citing Bryan County).

If a plaintiff alleges a practice of unconstitutional conduct lacking formal approval, the plaintiff must prove that the policymaking authority both knew of and acquiesced to a pattern of unconstitutional conduct. See Cornfield by Lewis v. Consolidated High School Dist. No. 230, 991 F.2d 1316, 1326 (7th Cir. 1993). Custom can be established through widespread, enduring practices that violate constitutional rights in a systematic manner. See id.; McNabola v. Chicago Transit Authority, 10 F.3d 501, 511 (7th Cir. 1993). Although evidence of a persistent and deeply rooted pattern permits the inference that policy makers must have known of its existence, the plaintiff must still prove that the policymaking authority acquiesced in the pattern of unconstitutional conduct. McNabola, 10 F.3d at 511; Cornfield 991 F.2d at 1316. "Isolated" acts committed by non-policymaking officials generally do not amount to a "custom," which "implies a habitual practice of a course of action that characteristically is repeated under like circumstances." Sims v. Mulcahy, 902 F.2d 524, 542 (7th Cir. 1990), (quoting Jones v. City of Chicago, 787 F.2d 200, 204 (7th Cir. 1986)).

Custom can be shown through the inference from a series of bad acts that the policymakers would have been bound to notice, and that the failure of the policymakers

to remedy the situation would have encouraged or at least condoned the misconduct.  <u>See</u> <u>Moore v. City of Chicago</u>, 2007 WL 3037121, *10 (N.D.Ill.) (<u>quoting</u> <u>Estate of Novack</u> <u>v. County of Wood</u>, 226 F.3d 525, 531 (7th Cir. 2001).  Custom "generally implies a habitual practice of a course of action that characteristically is repeated under like circumstances," and thus the "isolated acts of an employee generally is not sufficient." <u>Moore</u>, 2007 WL 3037121 at 10 (<u>citing</u> <u>Jones v. City of Chicago</u>, 787 F.2d 200, 204 (7th Cir. 1986)).

However, even if a plaintiff can show that the alleged policies, customs, or practices exist, he must also satisfy the "stringent" standard of fault established by the Supreme Court: that the municipality acted with "deliberate indifference" to the plaintiff's constitutional rights.  <u>Bryan County</u>, 520 U.S. at 410, 415.  As the Court observed in <u>Canton</u>, to satisfy the culpability requirement a plaintiff must demonstrate that the municipal action was taken with "deliberate indifference to its known or obvious consequences.  A showing of simple or even heightened negligence will not suffice." <u>Canton</u>, 489 U.S. at 388.

Finally, in addition to establishing the existence of a purportedly defective municipal policy or custom and proving the requisite degree of culpability on the part of the municipality, plaintiff must demonstrate a direct causal link between the policy and the alleged constitutional violation.  <u>Bryan County</u>, 520 U.S. at 404.  Simply put, plaintiff must prove the purported municipal policy or custom was the "moving force" behind her constitutional injury.  <u>Id.</u> at 407-08, <u>citing</u> <u>Canton</u>, 489 U.S. at 390-91.

As the Supreme Court has made increasingly clear with each successive decision addressing municipal liability under section 1983, proof of a policy claim requires a tight

causal connection between the alleged policy or practice and the constitutional injury.  In Monell, the Court held that a plaintiff had to identify a causal nexus between her injury and the municipality's alleged custom or policy.  436 U.S. at 693-94.  In Oklahoma City v. Tuttle, the Court held that proof that a policy or custom was "likely" to cause a particular violation is insufficient; instead, an "affirmative link" must be proven between the policy and the specific constitutional violation.  471 U.S. 808, 823-24 (1985).  In Canton, the Court held that for municipal liability to attach, the identified deficiency in a city's training program must be "closely related to the ultimate injury."  489 U.S. at 391. And in Bryan County, the Court articulated an even more demanding standard as to causation.  A "mere probability" that the alleged policy will cause any officer to inflict any constitutional injury is insufficient; a plaintiff must show that "this officer was highly likely to inflict the particular injury suffered by the plaintiff," and the injury must have been the "plainly obvious consequence" of the alleged policy.  520 U.S. at 412.

**B. Because Plaintiff presents no evidence to satisfy the stringent requirements of municipal liability under § 1983, summary judgment should be granted in the City's favor.**

This Court should grant summary judgment in the City's favor because Plaintiff cannot meet the requisite burden of proof to survive the City's motion.  Here, Plaintiff has alleged what for analytical purposes must be regarded as various municipal customs: practices not formally approved by an appropriate decisionmaker, but are "so widespread as to have the force of law."  Bryant, at 404, (citing Monell 436 U.S. at 690-691).  As to the City's informal practices, Plaintiff's specific allegations against the City are:  (1)  the Chicago Police Department's failure to adequately train their officers in how to respond to medical emergencies in the lock up; (2) the Chicago Police Department's failure to supervise and control their officers to follow its own general orders regarding responding

to medical emergencies in the lock up; and (3) that the organizations charged with investigating misconduct by Chicago Police officers do not conduct timely or adequate investigation of alleged police misconduct.  See ¶¶ 16-18, Defendant City's 56.1 statement.  However, because Plaintiff adduces no evidence that these alleged customs even exist – much less that the elements of "deliberate indifference" and "causation" have been satisfied – summary judgment should be granted to the City on Count IV of Plaintiff's Second Amended Complaint.

### (i) Plaintiff has not established an express policy or act by policy maker that would establish municipal liability under *Monell*

Defendant City's Motion for Summary Judgment as to Plaintiff's § 1983 Policy claim should be granted as Plaintiff has failed to establish in the record any of the ways the alleged constitutional injuries can be attributed to the City.  See McTigue, 60 F.3d at 382.  First, Plaintiff has failed to establish either an express policy that caused plaintiff's injuries or that there was an express policy or act by a policy maker that caused plaintiff's injuries.  "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  Bryan, 520 U.S. at 403-404 (citing Monell, 436 U.S. at 694).

Here, plaintiff has failed to adduce any express policy or decision by the City's policy makers that would give rise to liability of the City under Monell.  The express policies of the Chicago Police Department are set out in the general orders of the Chicago Police Department.  Pursuant to that policy, Chicago Police personnel are to insure that sick or injuries arrestees are receive necessary medical treatment.  See ¶¶ 20-21, Defendant City's 56.1 statement.  This policy is substantially the same policy as the Supreme Court examined in City of Canton.  In Canton, the policy was that the city jailer

"shall…have [a person needing medical care] taken to a hospital for medical treatment with permission of his supervisor…." <u>Canton</u>, 489 U.S. at 386-387.  As the Supreme Court said, "[i]t is difficult to see what constitutional guarantees are violated by such a policy."  <u>Id</u>.  As in <u>Canton,</u> it is difficult to see what constitutional guarantees are violated by a policy where sick or injured arrestees are to get necessary medical treatment.  In addition, Plaintiff's interrogatories fail to point to an express policy or decision by a policy maker that allegedly led to Plaintiff's injuries.

Plaintiff, in answering the City's Second Set of Interrogatories, alludes to three practices or customs that he believes caused the alleged constitutional violations in this instance.  But summary judgment must be granted to the City as Plaintiff has adduced no evidence that there exists any practice or custom by the City or its employees that would give rise to municipal liability in this instance.  Even assuming Plaintiff could prove his injuries arose to the level of constitutional violations, he has still failed to prove that this is more than a single incident of possible employee misconduct, such that it is a custom or practice that would add up to municipal liability.  Plaintiff is doing nothing more than trying to assert respondeat liability on his federal claims to the City.

**(ii) Summary Judgment should be granted to the City as Plaintiff has no evidence that any of his believed customs and practices exist that would give rise to municipal liability under Federal law.**

In Plaintiff's answers to the City's Second Set of Interrogatories, Plaintiff points to three customs or practices that he believes rise to the level of municipal liability for his policy claim.  According to his answers, the Chicago Police Department is aware that, (1) "officers do not have adequate training in how to respond to medical emergencies in the lock up," (2) "that the Chicago Police Department is aware of this lack of training and failure to enforce its own general orders," and (3) "that OPS and the other organizations

charged with investigating misconduct by Chicago Police Officers do not conduct timely or adequate investigations of police misconduct." See ¶¶ 16-18, Defendant City's 56.1 Statement. However, Plaintiff has adduced no evidence that these customs or policies exist on a widespread level such that the City's policymakers would be aware or that they were deliberately indifferent to arise to the level of municipal liability. Therefore, Defendant City should be granted summary judgment in regards to Plaintiff's Policy claim since Plaintiff has failed to adduce evidence as to any of these claims.

To establish § 1983 failure to train liability, Plaintiff is required to show that a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants. Canton, 489 U.S. at 389. "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under § 1983." Id. In the Seventh Circuit, deliberate indifference on the part of the policymakers can only be found where the indiffence was due to a municipal policy or custom. See Jenkins v. Bartlett, 487 F.3d 482, 492 (7th Cir. 2007). This can arise in two circumstances. See id. First, where 'in light of the duties assigned to the specific…employee[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights.'" Id. (citing City of Canton, 489 U.S. at 389). Second, when there is a "repeated pattern of constitutional violations makes 'the need for further training….plainly obvious to the city policymakers.'" Id.

Such an exacting standard is required since a lesser standard "would open municipalities to unprecedented liability under § 1983." Id. To do otherwise, would result in de facto respondeat superior liability on municipalities, which Monell rejected. Canton,, 489 U.S. at 392.

Plaintiff has failed to adduce any evidence that the City's policy regarding training its officers and employees is inadequate. Plaintiff can point to no other case

where a similar set of circumstances occurred which put the City on notice of the obvious

need for more or different training.  Nor can Plaintiff show that there is an inadequacy in

the City's express policy to train its officers and employees to get arrestees medical care

if required.  See ¶¶ 20-21, Defendant City's 56.1 statement.  There is no evidence that the

City's policy to obtain medical care for sick or injured arrestees, and/or to call an

ambulance in an emergency, is so obviously deficient that it should put the City's

policymakers on notice that new or different training was necessary.  As there is no

genuine issue of material fact that the City's policy regarding training as to how to

respond to medical emergencies is obviously deficient, the City must be granted

summary judgment as plaintiff has failed to adduce any evidence as to this claim.

Even if one assumes as true the allegations of misconduct on the part of the

Defendant Officers, this evidence is insufficient to establish the existence of the

municipal customs alleged by Plaintiff.  See Calusinski v. Kruger, 24 F.3d 931, 936 (7th

Cir. 1994) (a single incident of unconstitutional conduct does not establish a municipal

custom).  The fatal flaw of Plaintiff's claim is that the only relevant and admissible

evidence of record pertains to a single incident of alleged misconduct on the part of these

particular officers.  There is absolutely no evidence of any other incidents where Chicago

Police employees failed to respond to medical emergencies that would put the City

policymakers on notice that different training was necessary.

Similar to Plaintiff's claim regarding training, Plaintiff's claims that the City was

deliberately indifferent because officers failed to follow general orders and there were not

timely or adequate investigations of police misconduct also fail to meet the standards set

forth by the Courts for a showing of deliberate indifference.  See ¶¶ 16-18, Defendant

City's 56.1 statement.  Plaintiff has adduced no proof that there is a widespread practice

or custom that officers fail to follow general orders.  Even assuming employee

misconduct occurred in this incident, it is a single incident that would not put the City's

policymakers on notice that there was a widespread practice of not following general orders.

Additionally, Plaintiff has no evidence that there are not timely or adequate investigations of police misconduct that would give rise to municipal liability. Even if the agency charged with investigating whether there was misconduct by any Chicago Police officers and detention aides in this incident is not finished with its investigation, such a fact does not solve Plaintiff's deficient claims against the City for the policy case. Plaintiff has not adduced evidence that the agencies charged with investigating misconduct fail to do timely and adequate investigations; nor has Plaintiff adduced any evidence that there is a widespread custom or practice that such investigations are not completed. See ¶¶ 16-19, Defendant City's 56.1 statement. Plaintiff has shown no causal connection between the City's alleged failure to investigate police misconduct to what happened in this incident. See id. Plaintiff has failed to show how the alleged delay and inadequacy in police misconduct investigation was the cause of the alleged constitutional violations in this incident. See id. The question is not what "could have been done" but whether what was done was constitutionally deficient. See Palmquist v. Selvik, 111 F.3d 1332 , 1345 (7th Cir. 1997). As in Palmquist, Plaintiff here has presented no evidence that there is a deficiency, much less that the deficiency caused the alleged constitutional violations in this case. Therefore, the City's motion for summary judgment on the policy claim must be granted.

Though not advanced as a unconstitutional policy and/or practice in his answers to City's Second Set of Interrogatories, to the extent Plaintiff has asserted a § 1983 Policy claim from a policy and/or practice of false arrests and unlawful searches as asserted in his Second Amended Complaint, summary judgment should also be granted to the City, as Plaintiff has no evidence of such a policy and/or practice.

As previously stated, for liability to attach to a municipality under <u>Monell</u>, plaintiff is required to identify a municipal "policy" or custom" that caused plaintiff's injury.  <u>See</u> <u>Bryant</u>, 520 at 403 (citation omitted).  For purposes of <u>Monell</u>, a municipality can only be liable for a "policy" where the deprivation resulted from the "decision of duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  <u>Id.</u>

Though Plaintiff's Second Amended Complaint refers to misconduct as alleged in Counts I-III as a basis for his Monell claim, which include the alleged false arrest and unlawful seizure by Officers Collier and Henry, Plaintiff does not allude to that type of misconduct in answering the City's Second Set of Interrogatories.  <u>See</u> ¶¶ 12, 16-18, Defendant City's 56.1 statement.  As Plaintiff clearly fails mention that a policy and/or practice of false arrest/unlawful search part of his claims as to the City's liability, the City must be granted summary judgment.  There is no genuine issue of material fact that Plaintiff is alleging municipal liability due to false arrest / unlawful search.

II.     THE CITY OF CHICAGO CANNOT BE HELD LIABLE ALONE FOR § 1983 CLAIM AND THUS, PLAINTIFF'S DUE PROCESS CLAIM AGAINST THE CITY MUST FAIL AS A MATTER OF LAW

Plaintiff cannot, as a matter of law, bring a separate claim against the City of Chicago under § 1983 for denial of due process under the theory of respondeat superior, as alleged in Count I of Plaintiff's Second Amended Complaint.  Therefore, summary judgment must be granted as to the City regarding Count I.

The law is clear in this area, a municipality, like the City of Chicago, "may not be held liable under § 1983 solely because it employs a tortfeasor."  <u>Bryant</u>, 502 U.S. at 403.  "[W]hile Congress never questioned its power to impose civil liability on municipalities

for their *own* illegal acts, Congress did doubt its constitutional power to impose such liability in order to oblige municipalties to control the conduct of *others*." Id. (citing Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986).

Thus, to the extent Plaintiff is seeking to impose respondeat superior liability on the City of Chicago under Count I based on the actions of its employees, that claim must fail and this Court should grant the City's motion for summary judgment in regards to that claim.

## CONCLUSION

WHEREFORE, defendant, the City of Chicago, respectfully requests that this court grant their motion for summary judgment as to plaintiff's §1983 Policy claim and § 1983 Due Process claim for denial of medical care.

Respectfully Submitted,

MARA S. GEORGES
Corporation Counsel for the City of Chicago

By:   /s/ *Rita O'Connor*
      Rita O'Connor
      Assistant Corporation Counsel

30 N. LaSalle St., 1020
Chicago, Illinois  60602
(312) 744-4746
(312) 744-3989 (Fax)
Attorney No. 06270301