**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ESTATE OF PATRICIA COBIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06 C 3807 |
| | ) | |
| CITY OF CHICAGO, a municipal corporation | ) | JUDGE ST. EVE |
| CHICAGO POLICE OFFICERS RENE | ) | |
| DIMILANTA, PIOTR CZARNIECKI, | ) | |
| NICOLE HENRY, DWAYNE COLLIER, | ) | |
| LEAH TOBECK, JACALYN DOYLE, GERALD | ) | |
| GANEY, JULIA LAWLER, THOMAS | ) | |
| MOTZNY, CONNIE HARTFORD, CANDACE | ) | |
| MILOVICH, KAREN JOHNSON, ANNE | ) | |
| BELLUOMINI, ELAINE VABKOS, OLIVE | ) | |
| DICKEY, THOMAS CLARK, JOHN MURPHY, | ) | |
| CHICAGO POLICE DEPARTMENT | ) | |
| CIVILIAN DETENTION AIDES ALICIA | ) | |
| VELEZ, PRISCILLA JONES, and MARIA | ) | |
| DIAZ, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants John Murphy ("Murphy"), Gerald Ganey ("Ganey"), Thomas Clark ("Clark"), Jacalyn Doyle ("Doyle"), Olive Dickey ("Dickey"), Thomas Motzny ("Motzny"), Renee Dimilanta ("Dimilanta"), Piotr Czarniecki ("Czarniecki"), Nicole Henry ("Henry"), Dwayne Collier ("Collier"), Leah Tobeck ("Tobeck"), Connie Hartford ("Hartford"), Candace Milovich ("Milovich"), Karen Johnson ("Johnson"), Anne Belluomini ("Belluomini"), Elaine Vabkos ("Vabkos"), Alicia Velez ("Velez"), Priscilla Jones ("Jones"), and Julia Lawler ("Lawler"), by their attorney, Alec M. McAusland, Senior Asst. Corporation Counsel, and defendant Maria Diaz ("Diaz"), by her attorney, Tiffany Y. Harris, Assistant Corporation Counsel, and the defendant

City of Chicago (City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, move this Honorable Court pursuant to Fed. R. Civ. P. 56(b) for judgment in their favor.

1.   Count I of the Second Amended Complaint alleges the defendants violated plaintiff's right to due process under the 14th Amendment by virtue of their failure to obtain medical care for plaintiff's decedent, Patrica Cobige ("Cobige").  Count II alleges defendants Henry and Collier violated plaintiff's 4th Amendment rights by arresting Cobige without probable cause.  Count III alleges a conspiracy on the part of all defendants to deny medical care to Cobige.  Count IV alleges a <u>Monell</u> claim against the City.  Count IV(2)[1] alleges common law false arrest against defendants Collier and Henry.  Count V alleges common law intentional infliction of emotional distress against all defendants.  Count VI alleges wrongful death against all defendants.  Count VII alleges a state law survival claim pursuant to 755 ILCS 5/27-6.

2.   The defendants now move for judgment in their favor on Counts I, III, IV(2)-VII.

3   The defendants are entitled to summary judgment on Count I 14th Amendment due process claim because the medical condition of Cobige did not rise to the level at which the Constitution demands an arrestee be given medical care.

4.   The defendants are entitled to summary judgment on the Count III conspiracy to violate the 14th Amendment claim because, first, they did not violate Cobige's 14th Amendment rights, and so cannot be liable on a conspiracy based on those same actions.  Second, there is no evidence to support that the defendants conspired among themselves to deny Cobige medical care to which she was entitled.

---

[1]   The Second Amended Complaint has two claims designated "Count IV".

5.      The defendants are entitled to summary judgment on the Count V common law intentional infliction of emotional distress claim, as the defendants' actions did not rise to the level of "extreme and outrageous" conduct. Nor were the actions of the defendants "wilful and wanton," thus entitling them to statutory immunity.

6.      The defendants are entitled to summary judgment on the Count VI wrongful death claim and the accompanying Count VII survival claim because, even crediting the opinions offered by plaintiff's expert cardiologist, the defendants' failure to obtain medical care for the plaintiff was not the cause of her heart attack. Nor were the actions of the defendants in not getting plaintiff medical care wilfull and wanton, thus entitling them to statutory immunity.

7.      In addition, the City is not liable on the Illinois law claims, Counts V-VII, as it cannot be liable where its employees cannot be liable.

8.      Finally, even if Cobige's medical condition entitled her to receive medical care, defendants Collier, Henry, Ganey, Doyle, Dimilanta, Czarnieki, Tobek, Jones, Hartford, Milovich and Murphy are entitled to summary judgment as there is no evidence that those defendants had knowledge that she was in need of medical care.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

By:  /s/ Rita M. O'Connor /s/        /s/ Alec M. McAusland /s/        /s/ Tiffany Y. Harris /s/
for the defendant City              for defendants Murphy, Ganey,    for defendant Diaz
30 North LaSalle, #1020             Doyle, Dickey, Motzny,           30 North LaSalle, #1400
Chicago, IL 60602                   Dimilanta, Czarnieki, Henry,     Chicago, IL 60602
(312) 744-4647                      Collier, Tobeck, Hartford,       (312) 744-5890
Atty No. 06270301                   Milovich, Hartford, Johnson      Atty No. 06238533
                                    Belluomini, Vabkos, Velez,

                                        Jones and Lawler
                                        30 North LaSalle, #1400
                                        Chicago, IL 60602
                                        (312) 744-4038
                                        Attorney No. 06202724

**CERTIFICATE OF SERVICE**

      I, Alec M. McAusland, an attorney, certify that I have this 17th day of March, 2009, caused the foregoing **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be served upon all parties who have appeared in this matter via the CM/ECF electronic filing and email notification system.

                                        */s/ Alec M. McAusland /s/*