IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE COBIGE, as son, Next Friend, and Special Representative of PATRICIA COBIGE, Deceased | ) ) ) ) ) | |
| Plaintiff, | ) ) | 06 C 3807 |
| v. | ) ) ) | JUDGE ST. EVE |
| CITY OF CHICAGO, a municipal corporation CHICAGO POLICE OFFICERS RENE DIMILANTA, PIOTR CZARNIECKI, NICOLE HENRY, DWAYNE COLLIER, LEAH TOBECK, JACALYN DOYLE, GERALD GANEY, JULIA LAWLER, THOMAS MOTZNY, CONNIE HARTFORD, CANDACE MILOVICH, KAREN JOHNSON, ANNE BELLUOMINI, ELAINE VABKOS, OLIVE DICKEY, THOMAS CLARK, JOHN MURPHY, CHICAGO POLICE DEPARTMENT CIVILIAN DETENTION AIDES ALICIA VELEZ, PRISCILLA JONES, and MARIA DIAZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS DWAYNE COLLIER AND NICOLE HENRY'S MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, Dwayne Collier ("Collier") and Nicole Henry ("Henry"), by their attorney, Caroline Fronczak, Assistant Corporation Counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submit this memorandum of law in support of their motion for summary judgment and state as follows:

**NATURE OF CASE**

Plaintiff, Maurice Cobige as son, next friend, and special representative of the estate of Patricia Cobige ("Cobige"), deceased, complains in Count II that Cobige was "detained, searched and arrested... against her will and without a warrant, probable cause, or reasonable suspicion to suspect she was involved in any criminal activity" by Chicago Police Officers Dwayne Collier and Nicole Henry in violation of her Fourth Amendment rights. (See Plaintiff's Second Amended Complaint at ¶ 59). Plaintiff complains in Count IV (2)[1] that Collier and Henry's "unlawful seizure of decent constitutes false imprisonment of the laws of the State of Illinois." (See Plaintiff's Second Amended Complaint at ¶ 75). Defendants Collier and Henry now move for summary judgment on Count II §1983 False Arrest and Count IV State Law Claim for False Imprisonment of Plaintiff's Second Amended Complaint..

**FACTUAL BACKGROUND**

The statement of facts is contained in Defendant Collier and Henry's Local Rule 56.1 statement ("LR 56.1") filed under separate cover.

**SUMMARY JUDGMENT STANDARD**

The standard for summary judgment is well known. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a

---

[1] Plaintiff's Second Amended Complaint lists two Count IV counts.

light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). "To successfully oppose the motion for summary judgment, the non-movant must do more than raise a 'metaphysical doubt' as to the material facts and instead must present definite competent evidence to rebut the motion." *Rossi v. Bower,* No. 01 C 2503, 2002 WL 1160151 (N.D. Ill. May 29, 2002), *quoting Wolf v. Northwestern Ind. Symphony Soc'y,* 250 F.3d 1136, 1141 (7th Cir. 2001), and *citing Albiero V. City of Kankakee,* 246 F.3d 927, 932 (7th Cir. 2001).

## ARGUMENT

The undisputed facts in this case are that Collier had probable cause to believe that Cobige had committed the crimes of Soliciting Unlawful Business (M.C.C. 10-8-515) and Possession of a Controlled Substance (720 ILCS 570.0/402-c) based upon his observations of Cobige on the day of June 10, 2006 and Henry's search of plaintiff's person incident to her arrest. Accordingly, Cobige's arrest was proper under the Fourth Amendment and therefore, Count II and Count IV fail as a matter of law. Moreover, Henry, who arrived on the scene after Cobige had already been stopped by Collier, relied on Collier's eyewitness account of Cobige's unlawful act to justify her search and subsequent seizure of Cobige. At a minimum, Defendants Collier and Henry are entitled to qualified immunity.

**I.    DEFENDANT COLLIER AND HENRY ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT II.**

    **A.    Collier had Probable Cause to Believe Cobige Had Committed a Crime**

In Count II, Plaintiff alleges that Cobige was arrested and searched without probable cause in violation of her Fourth Amendment rights. Probable cause is a complete defense to a

Fourth Amendment claim for false arrest. *Williams v. Jaglowski,* 269 F.3d 778, 781 (7th Cir. 2001), *cert denied,* 535 U.S. 1018 (2002).

The standard for probable cause is simple: a police officer has probable cause to make an arrest where the "facts and circumstances known to the officer warrant a prudent man in believing that an offense has been committed." *Henry v. United States*, 361 U.S. 98, 102, 80 S. Ct. 168, 171 (1959). Probable cause "need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Hughes v. Meyer,* 880 F.2d 967, 969 (7th Cir. 1989). Probable cause also includes an element of appropriate effort: "[t]here is no constitutional or statutory requirement that before an arrest can be made the police must conduct a trial." *Gramenos v. Jewel Cos., Inc.,* 797 F.2d 432, 439 (1986), *cert. denied*, 481 U.S. 1028, 107 S. Ct. 1952 (1987), *quoting Morrison v. United States*, 491 F.2d 344, 346 (8th Cir. 1974). A police officer need not reach the depth of investigation that might attend a trial, or that the witnesses be unimpeachable, for "[p]robable cause does not depend on the witness turning out to have been right, it's what the police know, not whether they know the truth, that matters." *Id*. at 439.

The facts and circumstances known to Collier at the time of Cobige's arrest on June 10, 2006 are more than sufficient to establish probable cause for her arrest. Collier was on patrol in a marked City of Chicago police vehicle when he observed Cobige on the corner of Madison and Lockwood. (LR ¶ 7). Cobige was yelling "blows" at vehicles passing by her in the intersection. (LR ¶ 8). Collier understood the term "blows" to mean a street terminology for heroin. Collier knew that Cobige's act of yelling "blows" was an attempt to sell heroin. (LR ¶ 9 ). Collier then approached Cobige and advised her she was under arrest for solicitation. ( LR ¶ 12).

Accordingly, the facts and circumstances known to Collier warranted the belief that an offense had been committed. Specifically, Collier believed that Cobige had committed the offense of Soliciting Unlawful Business, a municipal ordinance violation of the City of Chicago. The ordinance states, "No person may: (I) stand upon, use or occupy the public way to solicit any unlawful business...(b)...'unlawful business', means any exchange of goods or services for money or anything of value, where the nature of the goods or services, or the exchange thereof, is unlawful. Unlawful business includes, but is not limited to, prostitution or the illegal sale of narcotics. For purposes of this section, "soliciting" may be by words, gestures, symbols or any similar means." (Municipal Code of Chicago M.C.C. 10-8-515 ).   Based on Collier's observations of Cobige, specifically, that she was standing on a street corner in the City of Chicago yelling "blows" at passing vehicles, he had probable cause to believe that Cobige's acts constituted Soliciting Unlawful Business. Collier knew from his experience as a police officer that a person shouting "blows" on a street corner is soliciting the sale of heroin. (LR ¶¶ 9, 10). Cobige's arrest was, therefore, proper and Collier is entitled to summary judgment on Count II.

### B. Henry Could Rely on Collier's Eyewitness Account to Believe Probable Cause Existed to Search and Seize Cobige.

An eyewitness' account of an unlawful act alone can supply probable cause. "When an officer has 'received his information from some person - normally the putative victim or an eyewitness - who it seems reasonable to believe is telling the truth,' he has probable cause." *Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir. 1991) *quoting Gramenos,* 797 F.2d at 439. Indeed, a single eyewitness or victim's testimony is sufficient to support probable cause, so long as that person is not babbling or inconsistent. *Gramenos*, 797 F.2d at 439, 440. When a court

assesses probable cause, it must do so "not on the facts as a omniscient observer would perceive them, but on the facts as they would have appeared to a reasonable person in the position of the arresting officer - seeing what he saw, hearing what he heard." *Mahoney v. Kersery,* 976 F.2d 1054, 1057 (7th Cir. 1992), *citing Richardson v. Bonds,* 860 F.2d 1427, 1431 (7th Cir. 1988).

Henry arrived on scene in response to Collier's call for a female officer to search Cobige. For all intents and purposes, Cobige was already under arrest based on the observations of Collier. Henry relied on Collier's observations and conducted a search of Cobige because she was called to the scene specifically to search Cobige (LR ¶¶ 12, 13).

Probable cause existed for Cobige to be placed under arrest, therefore, a search incident to arrest was also reasonable under the circumstances. "[I]t is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 2040 (1969). Henry's involvement in Cobige's arrest was minimal. She was merely called to the scene to perform a search on a female subject because Collier radioed for a female to search the arrestee. Therefore, based on what Henry knew, she, like Collier, had probable cause for Cobige's arrest and subsequent search of her person and she is entitled to summary judgment on Count II.

**II.     THE STATE LAW FALSE IMPRISONMENT CLAIM FAILS BECAUSE COLLIER AND HENRY HAD PROBABLE CAUSE TO ARREST COBIGE**

"The existence of probable cause also bars the state law false arrest and false imprisonment claims. *Kincaid v. Ames Dept. Stores, Inc.,* 283 Ill.App.3d 555, 670 N.E.2d 1103, 1109,(Ill.App. 1st Dist. 1996); *Martel Enterprises v. Chicago,* 223 Ill.App.3d 1028, 548 N.E.2d

157, 161,(Ill.App. 1st Dist. 1991)." *Gray v. Burke,* 466 F.Supp.2d 991, 999 (ND Ill. 2006). Based on the facts and circumstances already detailed in the above paragraphs, Collier and Henry had plenty of reason to believe that Cobige had committed a crime on June 10, 2006. The facts and circumstances that defeat Plaintiff's allegation of false arrest under a §1983 cause of action also defeat Plaintiff's claims under a state law claim of false imprisonment. Therefore, Collier and Henry are entitled to summary judgment on Count IV (2), Plaintiff's state law claim for false imprisonment.

### III. COLLIER AND HENRY ARE ENTITLED TO QUALIFIED IMMUNITY

Whether or not a police officer is entitled to qualified immunity is a matter of law for the court to decide. *Whitte v. Smith*, 832 F.2d 451, 453 (7th Cir. 1987). "The doctrine of qualified immunity shields public officials performing discretionary functions from liability for civil damages where their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Jones v. Watson*, 106 F.3d 774, 778 (7th Cir. 1997) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818) (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Police officers are entitled to qualified immunity if the plaintiff fails to show that the officer's conduct violated a constitutional right or if the right allegedly violated was not clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001).

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. The law must "put the officer on notice that his conduct would be clearly

unlawful, [otherwise] summary judgment on qualified immunity is appropriate. *Id*. at 2156-57.

Moreover, whether a police officer had probable cause to arrest and whether he is entitled to qualified immunity for the arrest are closely related questions, although qualified immunity provides the officers with an "additional layer of protection against civil liability" if a reviewing court finds that they did not have probable cause. *Hughes v. Meyer*, 880 F.2d 967, 970 (7th cir. 1989). When defendants raise qualified immunity as a defense in an unlawful arrest case, the court must "determine if the officer actually had probable cause, or, if there was no probable cause, whether a reasonable officers could have mistakenly believed that probable cause existed." *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). If the officers can establish that they had "arguable probable cause" to arrest the Cobige, then the officers are entitled to qualified immunity, even if a court later determines that they did not actually have probable cause. *Id. See also, Williams v. Jaglowski*, 269 F.33d 778, 781 (7th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002). Accordingly, summary judgment is warranted if "a reasonable police officer in the same circumstances and with the same knowledge . . . as the officer in question could have reasonably believed that probable cause existed in light of well-established law." *Id. See also, Williams* at 781.

In this case, the undisputed material facts establish that a reasonable officer in the Collier and Henry's circumstances and with the same knowledge could have reasonably believed that probable cause existed in light of well-established law. Collier and Henry are therefore entitled to qualified immunity.

## CONCLUSION

For all the reasons set forth above Defendants Dwayne Collier and Nicole Henry are

entitles to summary judgment on all of Plaintiff's claims against them.

Dated: March 17, 2009                    Respectfully submitted,


                                         By:    /s/ Caroline Fronczak
                                                Assistant Corporation Counsel

Caroline Fronczak
City of Chicago, Law Department
30 N. LaSalle Street, Suite 1020
Chicago, Il 60602
(312) 744-5126
Atty NO. 06284817