**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAURICE COBIGE, as Son, Next Friend, ) and Special Representative of ) PATRICIA COBIGE, Deceased, ) ) Plaintiff, ) ) v. ) ) CITY OF CHICAGO, et. al., ) ) Defendants. ) | No. 06 CV 3807 Judge St. Eve |

**PLAINTIFF'S FIRST MOTION *IN LIMINE* TO BAR**
**REFERENCE TO DRUG-RELATED EVIDENCE**

Now comes Plaintiff, MAURICE COBIGE, by one of his attorneys, Josh Friedman, and moves, *in limine,* to bar any reference at trial to drug-related evidence. In support, Plaintiff states as follows:

**Introduction**

Patricia Cobige, the 46-year-old mother of Plaintiff Maurice Cobige, Decedent, died on the floor of a Chicago Police Lock-up after requesting, but being denied, medical attention for two days, and as a result of a fatal cardiac arrhythmia which was triggered by prolonged and severe abdominal pain. While in custody, Ms. Cobige repeatedly requested medical attention, but the Defendants did not provide it. As a result, the untreated pain placed too much stress on Ms. Cobige's heart, which triggered her death. Had Ms. Cobige been taken to a hospital at any point during the approximately forty hours she was held in police custody, simple pain medication could have saved her life. Instead, Ms. Cobige, quite literally, died of pain lying on the floor of dirty police jail cell.

Toxicology testing performed on Ms. Cobige's blood and urine shortly after her death did not indicate the presence of heroin or any other illegal substances, and there is no competent or admissible evidence that drug use contributed in any way to her death. Through discovery, however, Defendants have learned that Ms. Cobige had used drugs in the past; that she was in custody for allegedly possessing heroin; that she allegedly told police officers she had used drugs the morning of her arrest; and that at least one witness believed her to be "high" or "dope sick" while she was in custody. Any reference to Ms. Cobige's drug use, however, would be irrelevant to the issues in this case, and could only be introduced by way of inadmissible hearsay, speculation or incompetent testimony. Moreover, any reference to Ms. Cobige's drug use or possession would be unfairly prejudicial, and lead to serious delays in the trial (as Plaintiff's counsel would then have to explain Ms. Cobige's history and experience with drugs and elicit extensive expert witness on the issue of cause of death). Thus, any reference to Ms. Cobige's drug use should be barred pursuant to Federal Rules of Evidence, 402, 403, 404(b), 602, 701, and 802.

**I.     FACTUAL BACKGROUND ON THE DRUG-RELATED ISSUES**

According to the testimony of the arresting officer, former Defendant Collier, Ms. Cobige was arrested Friday morning, June 10, 2006, for possessing heroin. Officer Collier testified that during Ms. Cobige's intake into the 25th District lock-up, he was present for a conversation between Defendant Motzny and Ms. Cobige during which Ms. Cobige stated that she had used heroin on the morning of her arrest.[1] At his deposition, Plaintiff Maurice Cobige, testified honestly about his mother's struggles with heroin addiction. Some witnesses who observed Ms. Cobige prior to her death have testified that they believed she was "dope sick," or suffering from heroin withdrawal symptoms. Toxicology performed upon Ms. Cobige's blood and urine shortly

---

[1] Defendant Motzny's testimony contradicts this in that he testified Ms. Cobige denied drug use prior to her arrest.

after her death, however, indicated the lack of any drugs, whatsoever, in her system. Instead, the post mortem report indicates that Ms. Cobige's uterus was riddled with uterine fibroids and the lining of her uterus indicated she was about to begin menstruating at the time of her death. See *Post Mortem Reports,* attached as Exhibit A.

## II.   MS. COBIGE'S DRUG USE IS INADMISSIBLE AND SHOULD BE BARRED

Evidence of Ms. Cobige's drug use is inadmissible because it is unfairly prejudicial, totally irrelevant and based solely on hearsay and speculation. As this Court has ruled in denying Defendant's motion for summary judgment, at the time of her confinement and ultimate death, Ms. Cobige was a pretrial detainee, and thus, the Fourth Amendment's objectively reasonable standard applies to Plaintiff's denial of medical care claim. *See Lopez v. City of Chicago,* 464 F.3d 711, 718-19 (7th Cir. 2006). However, even under the Fourteenth Amendment's deliberate indifference standard, the result is the same. Under either standard, evidence of Ms. Cobige's drug use is irrelevant and inadmissible. Moreover, evidence of Ms. Cobige's prior drug use is not admissible with respect to Plaintiff's state law claims, since there is no competent, admissible evidence, that it in any way contributed to her death, and it does not rebut Plaintiff's IIED claim. Thus, any reference to Ms. Cobige's drug use should be barred at trial.

### A.   Cobige's History of Drug Use or Addiction Is Not Admissible

First, Patricia Cobige's history of drug use or addiction is irrelevant to Plaintiff's denial of medical care claim. The issue with respect to Plaintiff's federal claim is the objective reasonableness of the Defendants' failure to provide Ms. Cobige with medical attention given the circumstances facing them at the time and/or whether they were deliberately indifferent to Ms. Cobige's serious medical need. *Id.* Although this is not a false arrest case the analysis remains the same: "The reasonableness of an officer's actions...is judged by an objective standard, *based*

*on the facts and circumstances known to the officer at the time*... Evidence discovered after the fact is not relevant to the objective reasonableness of the officer's actions." *Munley v. Carlson*, 125 F. Supp. 2d 1117, 1119 -1120 (N.D. Ill. 2000)(emphasis added).

Ms. Cobige's history of drug use was not a fact or circumstance known to Defendant Officers at the time they chose to deny her access to medical care. The only reason Defendants know about this history is because her son told them about it in his deposition – years after his mother's death. Mr. Cobige testified honestly that his mother struggled with a heroin addiction during some periods of her life. His honest recognition of his mother's drug history cannot be used at trial. Ms. Cobige's prior drug use was not a fact known to Defendants at the time they denied her medical care, and thus it is irrelevant to the analysis facing the jury in this case. Because this evidence is totally irrelevant to the analysis of whether Defendant Officers' actions (or lack thereof) were objectively reasonable, or whether they were deliberately indifferent, it should be barred at trial.

Second, Ms. Cobige's prior drug use is also irrelevant to Plaintiff's state law claims under the Illinois Wrongful Death and Survival Acts. As recited by this Court in its denial of Defendants' motion for summary judgment on these claims, Plaintiff's wrongful death action requires proof that "(1) defendant owed a duty to decedent; (2) defendant breached that duty; (3) the breach of duty proximately caused decedent's death; and (4) pecuniary damages arising there from to persons designated under the Act." *Thompson v. City of Chicago,* 472 F.3d 444, 457 (7th Cir. 2006) (citation omitted). Plaintiff's survival action "preserves the right of action for a personal injury that accrued before the death of the injured person and preserves causes of action relating to, *inter alia,* prolonged pain and suffering, which would otherwise be extinguished upon the injured party's death." *Cretton v. Protestant Mem. Med. Ctr., Inc.,* 371 Ill.App.3d 841,

847, 309 Ill. Dec. 422, 864 N.E.2d 288 (Ill.App.Ct. 2007). The only arguable element to which Ms. Cobige's prior drug use could possibly be germane is that of causation. However, there is no evidence in the record that drug use in any way contributed to Ms. Cobige's death. Toxicology was negative for drugs, and neither Plaintiff's nor Defendants' experts have opined that prior drug abuse was, or even *may have been*, a contributing factor in Ms. Cobige's death. To allow Defendants to question either expert, or any other witness, or to make any reference whatsoever, to Ms. Cobige's history drug use would be utterly improper.

Finally, Ms. Cobige's drug history is irrelevant to Plaintiff's claim of Intentional Infliction of Emotional Distress under Illinois law. To establish a claim of IIED under Illinois law, Plaintiff must show Defendant Officers' refusal to provide Ms. Cobige with medical care was extreme and outrageous conduct which they knew or should have known would cause Ms. Cobige severe emotional distress (and it did). *See Lewis v. School Dist. #70,* 523 F.3d 730, 746 (7th Cir. 2008); *Hunt-Golliday v. Metropolitan Water Reclamation Dist.,* 104 F.3d 1004, 1016 (7th Cir. 1997); *McGrath v. Fahey,* 126 Ill.2d 78, 86, 127 Ill.Dec. 724, 533 N.E.2d 806 (Ill. 1988). Even utilizing the wildest of imaginations, Ms. Cobige's drug history is not relevant to any element of this claim, and should be barred from trial.

      **B.    The Circumstances Of Ms. Cobige's Arrest And The Charge For Which She Was Arrested Are Not Admissible**

According to the testimony of Defendant Officer Collier, Ms. Cobige was arrested on the morning of June 10, 2009, for allegedly possessing heroin. Ms. Cobige died before a judge could even rule upon whether there was probable cause to detain her on those drug charges. At the summary judgment phase, Plaintiff voluntarily dismissed his false arrest claim in this matter. Thus, the circumstances of her arrest and the charge for which she was arrested, are totally irrelevant to the issues on Plaintiff's remaining claims, as outline above. The circumstances

surrounding Ms. Cobige's arrest have no bearing on whether it was objectively reasonable for Defendants to deny Ms. Cobige medical care under the circumstances, or whether they were deliberately indifferent to her serious medical need. Nor does the charge and circumstances of Ms. Cobige's arrest have any relevance to Plaintiff's state law claims, as outlined above.

However, in order to avoid the jury drawing unfair and/or inaccurate assumptions regarding the reasons for Ms. Cobige's incarceration, Plaintiff suggests that the parties be barred from any reference to the facts and circumstances of Ms. Cobige's arrest, and the charge for which she was being held, other than the fact she was arrested for a "non-violent offense."

### III. ANY REFERENCE TO MS. COBIGE'S DRUG USE WOULD BE UNFAIRLY PREJUDICIAL

Ultimately, any mention of Ms. Cobige's prior drug use would be enormously and unfairly prejudicial. *See Mason v. City of Chicago, et al.,* 631 F. Supp. 2d 1052 (N.D. Ill. 2009) ("This Court is mindful of the dangers of introducing evidence about drugs … The mere mention of Plaintiff's drug use would be highly inappropriate."). *See also Buffone v. Rosebud Restaurants, Inc.,* 2006 WL 2425327 (N.D.Ill. Aug. 21, 2006) ("Even if relevant, any arguable probative value of evidence about ... drug use is substantially outweighed by the danger of unfair prejudice") (*citing Mankey v. Bennett*, 38 F.3d 353, 360 (7th Cir. 1994)). Any reference to Ms. Cobige's drug use would distract the jury from the true question before it – whether the officers' failure to provide Ms. Cobige with medical attention was objectively unreasonable or constituted deliberate indifference. It presents a serious risk that the jury would improperly disregard the wrong done to Ms. Cobige for no other reason than that she was a drug user. Under FRE 403, that is far too great a danger and cannot be allowed.

Likewise, if jurors hear reference to why Ms. Cobige was in custody, or that she appeared "high" or "dope sick" or that she had a history of drug use, they will less likely to actually assess Plaintiff's claims about the officers' failure to provide her with medical care. Instead, many will simply discount the wrong done to Ms. Cobige on account of the fact that she was a drug user. *Earl v. Denny's, Inc.*, No. 01-5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent"). This would be improper and cannot be allowed under the Federal Rules of Evidence; the claims must be assessed on the evidence.

## Conclusion

The two drug-related issues outlined above have no bearing on the issues in this case. Furthermore, any suggestion that Ms. Cobige was high, or appeared to be a drug user, is completely without foundation. Any reference to these issues would be for the purpose of impermissibly attacking Ms. Cobige's character, a purpose that the Seventh Circuit has repeatedly and consistently condemned. All drug-related evidence in this case inadmissible under the Federal Rules of Evidence 402, 403, 404(b), 602, 701, and 802.

WHEREFORE Plaintiff respectfully requests that this Honorable Court bar any reference to (1) Ms. Cobige's history of drug use; and (2) the circumstances of her arrest, or to the charge she was being held on, other than to state she had been arrested for a "non-violent offense."

      RESPECTFULLY SUBMITTED,

                                              /s/ Josh Friedman
                                              One of Plaintiff's attorneys

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
53 West Jackson, Suite 840
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on December 17, 2009, the foregoing Motion *in Limine* was served electronically on counsel for all parties.

                                              /s/ Josh Friedman
                                              One of Plaintiff's attorneys