**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAURICE COBIGE, as Son, Next Friend, and Special Representative of PATRICIA COBIGE, Deceased, | ) ) ) ) |
| | ) No. 06 CV 3807 |
| Plaintiff, | ) ) Judge St. Eve |
| vs. | ) ) Magistrate Judge Denlow |
| CITY OF CHICAGO, et. al., | ) ) ) |
| Defendants. | ) |

**DEFENDANT MARIA DIAZ'S SUPPLEMENTAL MOTIONS IN LIMINE**

Now comes the Defendant, Maria Diaz by and through her attorney, Tiffany Y. Harris, pursuant to the Standing Order of this Court, and they hereby supplements her previously filed motions in limine to bar and offers in support thereof:

1. **Motion to Bar Any Reference to any Issues Between Maria Diaz, Julia Lawler and Sgt. Motnzy.**

There are allegations of a history of animosity and personal disputes between Civilian Detention Aid Maria Diaz and co-workers, Julia Lawler and Sgt. Motnzy. The personal squabbles between the co-defendants are irrelevant to the issue of whether the defendants failed to provide medical treatment to the decedent, Patricia Cobige, and would only serve to mis-lead and confuse the jury as to the ultimate issue in the case. In a court of law, however justice is dispensed based on evidence of articulated and proven facts, not on generalized assumptions and prejudices. Sanders v. City of Indianapolis, 837 F. Supp. 959, 963 (S.D. Ind. 1992). The jury's decision, however, must be based upon facts not the speculation or rumination of witnesses. Accordingly, pursuant to Rules 401, 402 and 403, Plaintiff should be barred from adducing or

presenting evidence of any personal issues between the co-defendants.  In addition, the danger of unfair prejudice outweighs the probative value of such testimony as the jury may seek to punish the defendants for their personal issues and not focus on whether the defendants failed to provide medical care to Ms. Cobige.

    2.    **Motion to Bar Any Reference to Allegations that Members of the Chicago Police Department Killed the Dogs of Maria Diaz.**

There are allegations that Maria Diaz has a bias against the Chicago Police Department because they allegedly shot and killed her dogs.  Such testimony is hearsay and irrelevant and should not be allowed into evidence.  Testimony that there were rumors that someone who works in the 25th District may have heard that members of the Police Department killed the dogs of Maria Diaz has no probative value to the case whatsoever and the danger of the unfair prejudice against Maria Diaz is extremely high.  There is no evidence that such information is truthful and thus could not even be used for issues related to credibility.  In that regard this evidence is no different from bad acts evidence except that it is more illusory because it has no particular connection to the Defendant..   Further, plaintiff lacks a foundation to make this argument.  Such testimony would only serve to unfairly attack the character of Maria Diaz without any basis in fact and would mis-lead and confuse the jury. Accordingly, pursuant to Rules 401, 402 and 403, Plaintiff should be barred from adducing or presenting such evidence.

    3.    **Motion to Bar Any Reference that Maria Diaz Made Multiple Entries in the Log Book After the Death of the Decedent.**

There are allegations that Maria Diaz began vigorously recording the daily activities of the lock-up in the 25th District after the decedent passed away on June 12, 2006. Such testimony should be barred because it occurred after the incident complained of in the case at bar and is therefore irrelevant.

WHEREFORE, the Defendant, Maria Diaz, respectfully requests that this Honorable Court grant Defendant Diaz's supplemental motions in limine and any other relief this Honorable Court deems appropriate.

Respectfully Submitted,

*/s/ Tiffany Y. Harris*

Date:   January 19, 2010

Tiffany Y. Harris

Assistant Corporation Counsel

Federal Civil Rights Litigation Division

30 North LaSalle Street

Suite 900

Chicago, IL 60602

6238533