Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3807 | **DATE** | 1/28/2010 |
| **CASE TITLE** | Cobige vs. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion in limine # 1 [168] in which Plaintiff seeks to bar evidence or reference to decedent's drug use, including the circumstances of decedent's arrest and the charge for which she was arrested.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

     Before the Court is Plaintiff's motion in limine # 1 in which Plaintiff seeks to bar evidence or reference to decedent's drug use, including the circumstances of decedent's arrest and the charge for which she was arrested. For the following reasons, the Court grants Plaintiff's motion in limine #1, especially in light of the Court's ruling granting Plaintiff's motion in limine #2, in which the Court barred evidence of decedent's prior arrests and convictions. (R. 217-1.)

     "Evidence of a witness' prior drug use may be admitted insofar as it relates to his possible inability to recollect and relate." *United States v. Gallardo,* 497 F.3d 727, 733 (7th Cir. 2007) "There is, however, "'considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony.'" *Id.* (citation omitted); *see also Kunz v. DeFelice,* 538 F.3d 667, 676-67 (7th Cir. 2008) ("Evidence that a witness has used illegal drugs may be probative of the witness' possible inability to recollect and relate. ... This evidence may be admitted where the memory or mental capacity of a witness is legitimately at issue"). Here, decedent will not be testifying at trial, and thus her prior drug use cannot be used for impeachment purposes.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

      Meanwhile, if Defendants are attempting to introduce decedent's prior drug use as "other bad acts" evidence under Rule 404(b), they must explain why her drug use goes to knowledge, intent, or absence of mistake, which they fail to do.  *See United States v. Conner,* 583 F.3d 1011, 1018 (7th Cir. 2009).  Finally, any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, namely, that the jury will conclude that decedent is a "bad" person and disregard her allegations that Defendants failed to provide her medical care.  *See* Fed.R.Evid. 403.  As such, any evidence of decedent's drug use is inadmissible at trial, including any references that decedent was "dope sick" or "high."

      As to why decedent was arrested and in lock-up during the relevant time period, Plaintiff suggest that the parties state that decedent was arrested for a "non-violent offense."  *See Schmude v. Tricam Indus., Inc.,* 556 F.3d 624, 627 (7th Cir. 2009) (courts may sanitize prior-crimes evidence used to impeach by concealing the nature or name of the crime).  Because Defendants do not object to this characterization in their response to Plaintiff's motion in limine #1, any reference to decedent's arrest will be for a "non-violent offense."