**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAURICE COBIGE, as Son, Next Friend, and Special Representative of PATRICIA COBIGE, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 06 CV 3807 |
| CITY OF CHICAGO, et. al., ) ) | Judge St. Eve |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS REVISED PROPOSED VERDICT FORMS AND JURY INSTRUCTIONS ON THE FOURTH AMENDMENT DENIAL OF MEDICAL CARE CLAIM**

Plaintiff, Maurice Cobige, by one of his attorneys, Josh Friedman, submits the following Memorandum of Law in support of Plaintiff's Revised Proposed Verdict Form and Jury Instructions on the Fourth Amendment Denial of Medical Care Claim.

**I. PLAINTIFF'S REVISED PROPOSED VERDICT FORM COMPORTS WITH THE LAW AND IS NECESSARY FOR THE PROPER APPPORTIONMENT OF DAMAGES SHOULD THE JURY RETURN A VERDICT IN PLAINTIFF'S FAVOR**

Plaintiff's revised proposed verdict form is in the only format, given Plaintiff's claims and the applicable case law that comports with the law. Defendants' argue that compensatory damages must be lumped together for all three of Plaintiff's claims. This would be improper and would deliver an impossible task to this Court should the jury return a verdict in Plaintiff's favor. Defendants' argument and their alternate proposed verdict form improperly lumps together damages which accrue to the next of kin (Illinois wrongful death claim) with damages which accrue to the estate (4th Amendment and IIED claims). Contrary to Defendants' arguments,

separating out these damages does not allow the jury to award damages twice for the same injuries. The damages on Plaintiff's Wrongful death claim are pecuniary damages, which in this case consist of loss of society damages. These are damages which arose *after* Patricia Cobige's death, and a jury's award on this claim would be to compensate Maurice Cobige for his loss of his mother. *See, e.g. Wyness v. Armstrong World Indus.,* 131 Ill.2d 403, 410, 137 Ill.Dec. 623, 546 N.E.2d 568 (Ill. 1989). On the other hand, the damages on the other two claims (denial of medical care and IIED) are damages suffered by the decedent and accrue to her estate. *Id.* Any award on these claims would seek to compensate Patricia's estate for damages Patricia suffered *prior to* her death. *Id.* Thus, not only does Plaintiff's proposed jury form NOT allow the jury to award double damages for the same injuries, but it must be done in the way Plaintiff has suggested in order that the jury designate the amount to go to Patricia's estate vs. Maurice Cobige as her next of kin. If it is not separated out as Plaintiff suggests, the Court will be left with the impossible task of discerning what portion of a single lump-sum compensatory award the jury meant for the estate as opposed to for the next of kin.

Defendants' arguments would only have merit if the verdict form did not lump together compensatory damages for the Fourth Amendment claim and the IIED claim since the jury may properly consider Patricia's emotional damages under both claims. Ultimately, this Court will instruct the jury as to which damages accrue to which claims and upon review, the Seventh Circuit will presume the jury followed those instructions. *Soltys v. Costello*, 520 F.3d 737, 744 (7th Cir. 2008).

Finally, with respect to punitive damages, in response to Defendant's objection to Plaintiff's proposed verdict form, Plaintiff has altered his proposed verdict form to address this objection by referring the jury to this Court's instructions concerning punitive damages. In any

event, Plaintiff objects to Defendants' proposed verdict form on this issue because it is duplicative of Seventh Circuit Pattern Jury Instruction No. 7.25 to which the parties have agreed. The verdict forms are not the place for instruction on the law. The jury will be fully instructed on punitive damages by this Court, they need not be again instructed on the law within the body of the verdict form.

For these, reasons, Plaintiff respectfully requests that this Court utilize his proposed verdict form during the trial in this matter. A copy of Plaintiff's Proposed Revised Verdict Form is attached hereto as Exhibit A.

## II. PLAINTIFF'S PROPOSED REVISED JURY INSTRUCTIONS COMPORT WITH APPLICABLE SEVENTH CIRCUIT CASE LAW

This Court has previously ruled that because Patricia Cobige was a pretrial detainee, but there had been no judicial determination of probable cause before her death, the objectively reasonable standard of the Fourth Amendment applies to Plaintiff's denial of medical care claim. The Seventh Circuit has recently addressed the Fourth Amendment standard in the context of a medical needs case. *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007)(citing *Sides v. City of Champaign*, 496 F.3d 820 (7th Cir.2007)). The Fourth Amendment requires a lesser showing by Plaintiff than the Fourteenth Amendment's deliberate indifference standard. *Id*. Under the Fourth Amendment standard, Plaintiff need only prove the Defendants' conduct was "objectively unreasonable under the circumstances." *Id*. The *Williams* Court went on to define "objectively unreasonable" in the context of a Fourth Amendment medical needs case providing four factors to consider: (1) whether Defendants knew, or should have known, about Patricia's medical need; (2) the seriousness of her medical need balanced against (3) the scope of the requested treatment; and finally (4) any police interests in not providing her with medical care." *Id*. The *Williams* Court specifically distinguished the definition of "serious medical need"

under the Fourteenth Amendment, with the balancing test ("seriousness of the medical need" versus "scope of requested treatment") required under the Fourth Amendment Analysis. Unlike under the Fourteenth Amendment, the seriousness of the medical need is not an element of the claim, but rather a factor to consider in determining the objective reasonableness of the Defendants' conduct. *Id*. Thus, this factor should be part of a definitions instruction, rather than the elements instruction. Plaintiff has prepared revised proposed jury instructions which comport with the Seventh Circuit decisions in *Williams* and *Sides* and they are attached to this memorandum as Exhibit B.

### III. ALL JURY INSTRUCTIONS WHICH RELATE OR MENTION THE FOURTEENTH AMENDMENT'S DELIBERATE INDIFFERENCE STANDARD SHOULD BE STRICKEN.

Finally, because this Court has ruled that the Fourth Amendment applies to Plaintiff's §1983 claim, all those jury instructions that mention the Fourteenth Amendment standard should not be given, including the definitions instructions on "serious medical need" and "deliberate indifference."

WHEREFORE, Plaintiff hereby requests that this Court utilize Plaintiff's Proposed Revised Verdict Forms, as well as his Revised Proposed Jury Instructions with Respect to Plaintiff's denial of medical care claim, and finally that all those instructions that mention or relate to the Fourteenth Amendment deliberate indifference standard be stricken and not given to the jury at the end of trial.

RESPECTFULLY SUBMITTED,

        /s/   Josh Friedman
One of Plaintiff's attorneys

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
53 West Jackson, Suite 840
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the above response to Defendants' motion *in limine* was served on counsel for all parties by electronic means on February 22, 2010.

        /s/   Josh Friedman
One of Plaintiff's attorneys