**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE COBIGE, as Son, Next Friend, | ) | |
| and Special Representative of | ) | |
| PATRICIA COBIGE, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 3807 |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Judge St. Eve |
| | ) | |
| Defendants. | ) | Magistrate Judge Denlow |

**PLAINTIFF'S MOTION FOR RECONSIDERATION
OF COURT'S ORDER ON BILL OF COSTS**

Now comes Plaintiff, MAURICE COBIGE, by one of his attorneys, Josh Friedman, pursuant to Fed. R. Civ. Pro. 59(e), and respectfully moves this Court to reconsider its order of April 5, 2010, awarding Plaintiff $3,624.50 in taxable costs.  In support of this Motion, Plaintiff states as follows:

1. On February 25, 2010, this Court entered judgment for Plaintiff on a jury verdict against defendants Motzny, Dimilanta, Lawler and Czarniecki.

2. On March 24, Plaintiff submitted his bill of costs, seeking $15,063.13 in taxable costs.

3. Of this total amount, $13,032.60, was for court reporter fees for depositions that were necessary to this case and used by Plaintiff in this case during discovery and at trial.

4. After objections by Defendants, this Court entered an order taxing costs to Plaintiff in the amount of $3,624.50 in taxable costs, far less than that sought by Plaintiff.

5.   Plaintiff respectfully requests that this Court reconsider its order on Plaintiff's bill of costs solely on the issue of the amount awarded for court reporter costs.  In its order, the Court indicated that two of the Urlaub Bowen court reporter invoices were illegible, and thus the Court could not award any costs based on those invoices.  The Court also refused to award costs for several court reporter invoices that did not contain the charges assessed per page for transcription.  This motion addresses both issues raised by the Court.

6.  With respect to the court reporter invoices submitted from Urlaub Bowen, Attached hereto as Exhibit A are legible copies of the invoices:   an invoice dated 12/31/08 in the amount of $425; and an invoice dated 8/31/09 in the amount of $2379.45, for a total of $2,804.45. With respect to this requested amount, Plaintiff would note that the $2.30 per page rate charged by Urlaub Bowen for transcription of the depositions is well below (as noted by this Court) the $3.65 per page charge established by the United States Judicial Conference.

7.   With respect to the invoices from McCorkle Court Reporters for the depositions of the Defendants Lawler, Motzny, Dimilanta and Diaz, this Court rejected Plaintiff's initial cost request because the invoices did not contain the per page charge.  Accordingly, attached hereto as Exhibit B are invoices containing the per page transcription charges and attendance fees for the following depositions: Defendant Lawler in the amount of $1,659.50; Defendant Diaz in the amount of $1,500.80; Defendant Dimilanta in the amount of $1,816.10; and Defendant Motzny in the amount of $1,656.05.   The total amount of these invoices is $6,632.45.  Plaintiff would note that the per page charge for these transcripts is

$3.45, which is below the $3.65 per page charge established by the United States Judicial Conference.

8.  Plaintiff therefore respectfully requests that this Court modify its bill of cost award and increase it by $9,436.90, which represents the unpaid deposition costs as indicated above.

WHEREFORE Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion to reconsider and increase the award of taxable costs to Plaintiff as indicated above.

RESPECTFULLY SUBMITTED,

/s/   Josh Friedman
One of Plaintiff's attorneys

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
53 West Jackson, Suite 840
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 3, 2010, the foregoing **Motion for Reconsideration of Court's Order on Bill of Costs** was served electronically on counsel for all parties.

/s/   Josh Friedman
One of Plaintiff's attorneys