**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE COBIGE, as Son, Next Friend, | ) | |
| and Special Representative of | ) | |
| PATRICIA COBIGE, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 3807 |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Judge St. Eve |
| | ) | |
| Defendants. | ) | Magistrate Judge Denlow |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
TO POST BOND OR OTHER SECURITY PENDING RESOLUTION
OF DEFENDANTS' POST-TRIAL MOTIONS AND/OR APPEAL**

Now comes Plaintiff, MAURICE COBIGE, by one of his attorneys, Josh Friedman, and moves this Honorable Court for entry of an order requiring Defendants City of Chicago, Dimilanta, Motzny, Czarniecki and Lawler to post a bond or other form of security pending the resolution of Defendants' pre-trial motions and/or appeal.  In support of this motion, Plaintiff states as follows:

1.     On February 25, 2010, this Court entered judgment on a verdict against the above-referenced defendants in the amount of $5 million (as against all of the above-referenced defendants), and $1,000 each as against the above-referenced individual defendants.  On May 4, 2010, this Court added $12,816.40 to the judgment as Plaintiff's taxable costs.  Furthermore, on June 11, 2010, the parties filed a stipulation in which Defendant City of Chicago agreed to pay Plaintiff's attorneys' fees and costs incurred as of March 23, 2010 in the amount of $650,000.

2.     Plaintiff had the right, within 14 days of the judgments, to execute on those judgments against the defendants.  Fed. R. Civ. Pro. 62(a).  Plaintiff has not yet done so, but

Defendants have not paid the judgments, nor have they taken any steps to secure a *supersedeas* bond or other form of security in order to stay enforcement proceedings against them. Furthermore, 28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil court."

3.      Under Fed. R. Civ. Pro.   62(b), the trial court may stay execution on, or enforcement of, a judgment pending the resolution of post trial motions "on appropriate terms for the opposing party's security . . . ."  Under Local Rule 62.1, a *supersedeas* bond for a judgment for a sum of money "shall be in the amount of the judgment, plus one year's interest at the rate provided in 28 U.S.C. § 1961 plus $500 to cover costs."  Furthermore, Local Rule 65.3 provides that "[u]pon good cause shown the court may order the filing of a bond as security for costs."

4.      In light of the dire financial straights that the City of Chicago is currently in, as stated previously by Counsel for the Defendants, as well as in recent news stories,[1] Plaintiff submits that he has good cause to be concerned for the security of his judgment, and he therefore respectfully requests that this Court enter an order compelling Defendants to post an appropriate bond or other security pending resolution of Defendants' post-trial motions and/or appeal.

WHEREFORE Plaintiff respectfully requests that this Honorable Court compel Defendants to post an appropriate bond or other security pending resolution of Defendants' post-trial motions and/or appeal.

RESPECTFULLY SUBMITTED,

/s/   Josh Friedman

---

[1] Attached hereto as Exhibit A is a story dated July 30, 2010 from the Chicago Sun Times online edition, stating that the City of Chicago has a budget shortfall of more than $650 million, and that this shortfall is expected to increase, and that the City's budget is an "absolute nightmare." See "Chicago Facing $654.7 [million] budget shortfall, Alderman told."  Available online at: http://www.suntimes.com/news/cityhall/2550716,chicago-facing-growing-budget-shortfall-073010.article

One of Plaintiff's attorneys

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
53 West Jackson, Suite 840
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 30, 2010, the foregoing ***Motion To Compel Defendants To Post Bond Or Other Security Pending Resolution Of Defendants' Post-Trial Motions And/Or Appeal*** was served electronically on counsel for all parties.

/s/   Josh Friedman
One of Plaintiff's attorneys